Amando GARCIA, Jr., and George B. Parr, Appellants,

v.

Daniel TOBIN, Jr., et al., Appellees.

No. 13285.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 27, 1957.

Rehearing Denied Dec. 18, 1957.

Gerald Weatherly, Laredo, Werner A. Gohmert, Alice, for appellant.

Sidney P. Chandler, Sam H. Burris, Alice, Walter Purcell, San Diego, for appellees.

W. O. MURRAY, Chief Justice.

This is a consolidated case. Originally Amando Garcia, Jr., brought a suit against Daniel Tobin, Jr., County Judge of Duval County, and the then four County Commissioners of that County, seeking, among other things, a writ of mandamus requiring the defendants to issue to him a certificate showing that he was elected to the office of County Clerk of Duval County at the General Election in November 1956. On January 1, 1957, Rafael Garcia qualified as County Clerk of Duval County, under an appointment by the Commissioners' Court of that County, and thereafter this became a suit between Amando Garcia, Jr., and Rafael Garcia for the office of County Clerk of Duval County.

Likewise, George B. Parr originally brought a suit against Daniel Tobin, Jr., and the County Commissioners, seeking, among other things, a writ of mandamus requiring the defendants to issue to him a certificate showing that he was elected to the office of Sheriff of Duval County at the General Election in November, 1956. On January 1, 1957, J. P. Stockwell qualified as Sheriff of Duval County under an appointment by the Commissioners' Court of Duval County, and thereafter that cause became a suit between George B. Parr and J. P. Stockwell for the office of Sheriff of Duval County. These two cases were consolidated by the trial court with a third suit, filed by Felipe Valerio, Jr., against Daniel Tobin, Jr., and others. The Valerio case is not involved in this appeal and need not be further mentioned.

Ultimately, Amando Garcia, Jr., and George B. Parr filed motions for a summary judgment, and the defendants also filed a motion for a summary judgment.

On August 27, 1957, the trial court heard the motions, and denied the motions of Amando Garcia, Jr., and George B. Parr, but granted the motion of defendants, and rendered judgment that George B. Parr and Amando Garcia, Jr., take nothing, from which judgment they have prosecuted this appeal.

In the November, 1956, General Election in Duval County, Amando Garcia, Jr.,

received 4,758 votes for the office of County Clerk, while Rafael Garcia received only 7 write-in votes for that office. George B. Parr received 2,560 votes, while his opponent, J. P. Stockwell, received only 2,027, for the office of Sheriff. The Commissioners' Court as a canvassing board took the position that both Amando Garcia Jr., and George B. Parr were disqualified and ineligible to hold public office in Duval County, under the provisions of the Texas Constitution, Art. 3, Sec. 20, Vernon's Ann. St., and under the provisions of Art. 1.05 of Texas Election Code, V.A.T.S. refused to count any of the votes received by these two candidates, and under the provisions of Art. 1.06, Texas Election Code, the County Judge refused to issue to them certificates of election to the respective offices for which each had received a majority of the votes cast.

█ The Commissioners' Court then declared these two offices vacant, and appointed J. P. Stockwell to the office of Sheriff and Rafael Garcia to the office of County Clerk. The decision in this case turns upon the meaning of, and the interpretation to be given Sec. 20, Art. 3 of the Texas Constitution. Sec. 20 reads as follows:

"Collectors of taxes; persons entrusted with public money; ineligibility

"Sec. 20. No person who at any time may have been a collector of taxes, or who may have been otherwise entrusted with public money, shall be eligible to the Legislature, or to any office of profit or trust under the State government, until he shall have obtained a discharge for the amount of such collections, or for all public moneys with which he may have been entrusted."

This section necessarily presupposes that there has been a judicial determination of the entrustment of public moneys, and a failure thereafter to obtain a discharge for the amount of such public moneys so en-

trusted, or perhaps in some cases where such defalcation has been fully admitted. If any other meaning should be given to this section it would amount to a denial of due process of law and would be void. If a prior judicial determination of the defalcation would not be required, then each election judge and each canvassing board could hear and determine such matter without notice to the candidate, and without his having any opportunity to offer evidence or be heard in his own behalf. Such a proceeding would be a denial of due process of law, and would be a void proceeding under our "Bill of Rights."

The early Texas case of State ex rel. Clements v. Humphreys, 74 Tex. 466, 12 S.W. 99, 5 L.R.A. 217, sheds some light upon the situation here. There Humphreys was accused of offering a bribe to the voters if they would elect him to the office of County Clerk, in that he would serve without an ex-officio salary. The Court held that only in the event he was convicted of the offense of offering a bribe could he be declared to be ineligible to hold the office to which he had been elected.

In McCrary on Elections, 4th Ed., p. 263, Sec. 345, we find the following statement:

"It may be stated as a well-settled proposition, that statutes and constitutional provisions making ineligible to office any persons who have been guilty of a crime or breach of trust, always presupposes that the fact of the commission of such a crime or breach of trust has been ascertained and adjudged by the judgment of a court of competent jurisdiction. Such a fact can only be established by trial and judgment in due course of law, in which the accused shall be entitled to a full and fair hearing."

In support of this statement is cited, Cawley v. People, 95 Ill. 249.

Again, in the same authority, in Sec. 122, starting at page 88, we find some very

pertinent language. ·There the author was discussing the right of an election judge to deny a voter the right to vote because he was a deserter from the Army of the United States, where an act of Congress provided that such a deserter should forfeit his right of citizenship and forever be incapable of holding any office of trust or profit under the United States or of exercising any right of citizenship.

The constitutionality of the act was assailed upon three grounds, the third of which read as follows:

"3. That the act proposed to inflict pains and penalties upon offenders without a trial and conviction by due process of law, and that it was therefore prohibited by the bill of rights."

In discussing ·this matter the author says:

"Upon the third point the Court held that the act could not be upheld as constitutional, if it did in fact impose penalties before and without a trial by due process of law; and by due process of law is meant 'the law of the particular case administered by a judicial tribunal, authorized to adjudicate upon it;' and the Court say that 'a judge of elections, or board of election officers, constituted under State laws, is not such a tribunal.' The Court, however, conclude that the act of Congress was intended to apply, and does apply, only to those cases of desertion in which there has been a conviction by court-martial, and that thus construed it is constitutional.

"Sec. 123. Whether 'a citizen has been guilty of an offense forfeiting his right to vote' is necessarily a judicial question which must be decided by the courts on a full and fair trial on an indictment or a presentment by a grand jury, or perhaps on information where that mode of proceeding is authorized. That question cannot be rightfully adjudged collater-

ally or incidentally by the officers of an election. It has been held in Kentucky that a test oath cannot be constitutionally required in such a case, and that the refusal to take such an oath cannot be deemed a judicial trial and conviction of the imputed offense.

"Sec. 124. We have elsewhere seen that the act of Congress of March 3, 1865 [13 Stat. 487], denying rights of citizenship to deserters from the army, must be held to apply to such persons only as have been duly convicted of the crime of desertion. It follows that, to exclude a person from voting upon this ground, evidence must be produced before the proper officers holding the election that such person has been so convicted. It is the duty of such election officers to ascertain who are citizens, not to adjudge and enforce forfeitures of citizenship. In all cases where it appears that a person possesses the requisites as to birth or naturalization, age and residence, of a voter, he must be presumed to be an elector until the contrary is shown by the best evidence, which, in the case of a conviction for crime, must be the record, or a duly authenticated copy thereof."

The same thing is true and should be applied as to the power of an election judge to determine the eligibility or ineligibility of a candidate for office to hold the office he seeks.

The only Texas case decided under Art. 3, Sec. 20, of the Texas Constitution is Orndorff v. State ex rel. McGill, Tex.Civ. App., 108 S.W.2d 206. The opinion shows that Orndorff's defalcation has previously been adjudicated, and therefore does not in any way pass upon the question we have here.

The motion of appellees for a summary judgment is insufficient to show that either Parr or Garcia has been convicted of being entrusted with public moneys and there-

after failing to obtain a discharge for the amount of such public moneys, or that such defalcation has ever been established by a judicial tribunal.

The motion raises the issue that George Parr has admitted that he is indebted to Duval County in large sums of money, but it does not show that he was entrusted with these funds and thereafter made default. The entrustment is an essential element of the offense which renders a person ineligible to hold public office.

It may seem strange to say that if a person is entrusted with funds and fails to account properly for them he is ineligible to hold public office, but that if such a person wrongfully takes public money he is not thereby rendered ineligible to hold public office. Why the framers of Sec. 20 of Art. 3, of our Constitution saw fit to limit this section to persons entrusted with money may not be apparent, but the fact remains that they plainly did just that.

One explanation may be that if a person wrongly takes money from the county or from anyone else he can be convicted of theft, and if he takes more than fifty dollars he can be convicted of felony theft, and upon such conviction he will automatically become ineligible to hold public office. Art. 5968, Vernon's Ann.Civ.Stats.

Another reason may have been that the framers of this Article could not conceive of a person who is known to have wrongfully taken public money ever thereafter being elected to public office. We can only speculate as to why the language was restricted as it is.

■ The record shows that George B. Parr was recently convicted in the Federal Court of Houston, of the offense of using the United States mails for the purpose of defrauding, but the record further shows that he has taken an appeal from that conviction. Pending the appeal such conviction does not render him ineligible to hold public office. Art. 5969, Vernon's Ann. Civ.Stats.

■ The trial court erred in granting appellees' motion for summary judgment, and this brings us to a consideration of whether the trial court should have granted appellants' motion for summary judgment.

■ The record is sufficient to show that appellants were elected to the respective offices sought, at the General Election in 1956, but before the court could properly grant their motion for summary judgment appellants should show that they are eligible to hold such offices. Westerman v. Mims, 111 Tex. 29, 227 S.W. 178.

■■ Appellants' motion is sufficient to establish the fact that Amando Garcia, Jr., is eligible to hold the office of County Clerk, and appellees' answer to such motion for summary judgment is insufficient to show that he has ever been adjudged by a judicial tribunal of having failed to pay or account for public funds entrusted to him. However, as to appellant George B. Parr the answer is sufficient to raise an issue of fact as to whether Parr has been entrusted with public moneys and has not paid it back or properly accounted therefor and that he has freely admitted such defalcation.

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.

BARROW, J., not participating.