Daniel **TOBIN**, Jr., et al., Appellants,

v.

Felipe **VALERIO**, Jr., Appellee.

No. 13297.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 8, 1958.

Rehearing Denied Feb. 5, 1958.

See also, 298 S.W.2d 873.

Sidney P. Chandler, Corpus Christi, Sam H. Burris, Alice, Walter Purcell, San Diego, for appellants.

Gerald Weatherly, Laredo, Werner Gohmert, Alice, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Felipe Valerio, Jr., against the County Judge and County Commissioners of Duval County, Texas, and Jose D. Ramos, originally, as a mandamus proceeding, but it ultimately became a suit for the office of County Commissioner of Precinct No. 4 of Duval County. Both sides filed petitions for a summary judgment. The defendants' petition for summary judgment was overruled and plaintiff's petition granted, awarding to him the office of County Commissioner of Precinct No. 4 of Duval County, together with ancillary relief. Defendants have prosecuted this appeal.

The facts are that prior to March, 1956, Anacleto Valerio was the County Commissioner of Precinct No. 4 of Duval County. An ouster suit was brought against him and he was temporarily removed from such office by an order of the District Court and Jose D. Ramos was appointed to such office as a temporary officer.

Anacleto Valerio made an affidavit in connection with the summary judgment hearing, stating that he sent a letter of resignation to the County Judge and each of the County Commissioners on October 5th or 6th, 1956. In the November, 1956, election his brother, Felipe Valerio, Jr., received eight write-in votes for the office of Commissioner of said Precinct No. 4. No one else received any votes for such office, and Felipe Valerio bases his claim to the office upon his receiving these eight write-in votes. Both the name of the candidate and the name of the office had to be written on the ballot, as the name of the office was not printed thereon. Anacleto Valerio had been elected to such office in 1954, for a four-year term, and there was no occa-

sion for an election in 1956, unless the alleged resignation of Anacleto in October, 1956, created such a necessity.

The first question which we desire to discuss is whether or not the alleged resignation of Anacleto Valerio caused a vacancy in the office on or about October 5 or 6, 1956, and, therefore, created a necessity for an election for the office of County Commissioner of Precinct No. 4 at the General Election held in November, 1956.

Felipe Valerio could not properly become a candidate and could not legally be elected County Commissioner of Precinct No. 4, Duval County, unless the resignation of his brother, Anacleto Valerio, in October created such a vacancy. Brown v. Meeks, Tex.Civ.App., 96 S.W.2d 839.

A resignation by a public official does not become effective until accepted by the proper authority. Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398. There is no contention that Anacleto's resignation had been accepted by the proper authority in November, 1956, and, therefore, an attempt at that time to elect Felipe Valerio, Jr., to such office was void and of no effect.

·The record affirmatively shows that appellee on November 20, 1956, presented to appellant Daniel Tobin, the then County Judge, his oath and bond as Commissioner of Precinct No. 4, Duval County, and that Tobin then and there told him, "I won't approve this bond or accept these because I don't think there is any vacancy. I don't think there was any opening for you to be elected." The County Judge is the proper officer to accept the resignation of a County Commissioner and to appoint his successor. Art. 2341, Vernon's Ann.Civ.Stats. No one would be in a better position than a County Judge, to know whether the resignation of a County Commissioner had been accepted.

Accordingly, the judgment of the trial court granting appellee's motion for summary judgment is reversed and judgment here rendered granting appellants' motion for a summary judgment that appellee take nothing by reason of this suit.

Reversed and rendered.