DANIEL TOBIN, JR. ET AL V. AMANDO GARCIA, JR., AND GEORGE B. PARR.

No. A-6632. Decided April 30, 1958.
Rehearing Overruled October 1, 1958.
(316 S.W. 2d Series 396)

*Sam P. Burris,* of Alice, *Walter P. Purcell,* of San Diego and *Sidney P. Chandler,* of Corpus Christi, for petitioners.

*Gerald Weatherly,* of Laredo, *Werner A. Gohmert,* of Alice, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Our statement of this case will be substantially in the language of the opinion of the Court of Civil Appeals.

This is a consolidated case. Originally Amando Garcia, Jr., brought a suit against Daniel Tobin, Jr., County Judge of Duval County, and the then four County Commissioners of that County, seeking, among other things, a writ of mandamus requiring the defendants to issue to him a certificate showing that he was elected to the office of County Clerk of Duval County at the General Election in November, 1956, at which election he received practically all the votes. On January 1, 1957, Rafael Garcia qualified as County Clerk of Duval County, under an appointment by the Commissioners' Court of that County, which had declared the office vacant, and thereafter this became a suit between Amando Garcia, Jr., and Rafael Garcia for the office of County Clerk of Duval County.

Likewise, George B. Parr originally brought a suit against Daniel Tobin, Jr., and the County Commissioners, seeking, among other things, a writ of mandamus requiring the defendants to issue to him a certificate showing that he was elected to the office of Sheriff of Duval County at the General Election in November, 1956, at which he received a substantial majority of the votes. On January 1, 1957, J. P. Stockwell qualified as

Sheriff of Duval County under an appointment by the Commissioners' Court of Duval County, which had declared the office vacant, and thereafter that cause became a suit between George B. Parr and J. P. Stockwell for the office of Sheriff of Duval County. These two cases were consolidated by the trial court with a third suit filed by Felipe Valerio, Jr., against Daniel Tobin, Jr., and others. The Valerio case is not involved in this appeal and need not be further mentioned.

Ultimately, Amando Garcia, Jr., and George B. Parr filed motions for summary judgment, and the defendants also filed a motion for summary judgment. The trial court denied the motions of Amando Garcia, Jr., and George B. Parr, but granted the motion of defendants, and rendered judgment that George B. Parr and Amando Garcia, Jr., take nothing, from which judgment they prosecuted an appeal.

The Court of Civil Appeals reversed the judgment of the trial court, and remanded the case thereto. 307 S.W. 2d 836. The parties will be sometimes referred to herein as they were designated in the trial court, wherein Amando Garcia, Jr., and George B. Parr were designated as plaintiffs and the other parties as defendants.

Both the plaintiffs and defendants filed applications for writs of error. We consider first the application of the defendants. The ground upon which they were awarded a summary judgment in the trial court is that Amando Garcia, Jr., and George B. Parr were ineligible to hold the offices of County Clerk and Sheriff, respectively, under the provisions of Article III, Section 20, of our State Constitution. That section reads as follows:

"No person who at any time may have been a collector of taxes, or who may have been otherwise entrusted with public money, shall be eligible to the Legislature, or to any office of profit or trust under the State government, until he shall have obtained a discharge for the amount of such collections, or for all public moneys with which he may have been entrusted."

■ The Court of Civil Appeals reversed the trial court's judgment on the ground that the constitutional provision presupposes that there has been a prior judicial determination or admission of the entrustment of public money and a failure to obtain a discharge therefor. Assuming that the Commissioners' Court exceeded its authority in refusing to issue certificates of

election to the plaintiffs, that is not determinative of this case. As the case developed, it was a suit by Amando Garcia, Jr., and George B. Parr against Rafael Garcia and J. P. Stockwell for the title to the offices of County Clerk and Sheriff, respectively, and in order to prevail in that suit it was incumbent upon them to show themselves to be duly elected, qualified and eligible to hold the offices which they sought. If it is shown on the trial that they have failed to be discharged of money entrusted to them, they will not have shown themselves eligible and entitled to the offices. We do not agree with the ground upon which the Court of Civil Appeals based its decision.

Before considering the motion upon which the trial court rendered a summary judgment for defendants, we turn to a construction of the constitutional provision above quoted. The provision is narrow in its application. It deals only with persons with whom public money has been entrusted. One who, for example, steals public money would be morally unfit for public office, but the provision has no application in that case. Its meaning is to be determined by the definition of "entrusted." That term has a well-defined meaning. It is defined in Black's Law Dictionary as:

"To confer a trust upon; to deliver to another something in trust or to commit something to another with a certain confidence regarding his care, use or disposal of it."

Ballentine's Law Dictionary defines it as follows:

"To transfer or deliver property to another to hold as trustee."

In effect, the same definition is given in 48 C.J.S. 754, and Webster's New International Dictionary. In order to render judgment against the plaintiffs it must be determined that public money was entrusted with them in the meaning of the above definition, and they have failed to obtain a discharge therefor.

The motion for summary judgment was not verified. It referred for identification to a number of exhibits attached to the motion, explained a portion of the exhibits, and incorporated all of the movant's pleadings.

With respect to Amando Garcia, Jr., the charge is that he collected certain fees of office which were not paid into the treasury of the county as required by law. In support of the

charge, movants attached purported copies of summary accounts of total fees collected and purported copies of schedules of fees of office paid into the treasury for the same years, plus photostatic copies of 194 checks payable to cash or to Garcia and signed by him. The only proof of these documents is this statement in the affidavit of the attorney for defendants: "All of the copies of the instruments described in the defendants' motion for summary judgment, Exhibits A to T, inclusive, are true copies of said instruments or the records from which they were taken." The summary judgment rule, Rule 166-A, Texas Rules of Civil Procedure, provides that affidavits must be made by competent affiants with personal knowledge of the statements in them, which statements must be so worded that if given on the witness stand they would be admissible as evidence. Obviously, the statement of the attorney, if given on the witness stand, would not be competent to identify public documents, nor would it establish that Garcia himself had signed the checks or for what purpose they were executed. The trial court erred in rendering summary judgment against Garcia.

With reference to George B. Parr, the motion for summary judgment was based upon several grounds. One ground was that the Texas State Bank of Alice was the depository of the funds of Duval County and the Benavides Independent School District; that Parr was a stockholder, director and officer of the bank; that he took money from the bank, charged it to the county and the school district, and applied same in a manner not authorized by the county or the school district, and not permitted by law. As noted above, the motion is not verified, and what has been held regarding the checks of Garcia is applicable to the deposit slips and checks attached in support of this allegation. Even if the checks were identified, that would not establish that Parr was in default with money entrusted to him by the county and the school district. When the moneys were deposited in the bank, a relationship was created between the bank and the depositors, and no relationship of trust was created between the depositors and Parr. The summary judgment cannot be sustained on the ground of Parr's dealings with the bank, however wrongful they may have been.

Another ground of the motion was that Parr had borrowed money from the county and had not repaid it. Parr admitted at the hearing on the motion that he owed money to Duval County, but he did not admit that it was money entrusted to him. So far as the record disclose it may have been owing for taxes. In support of the allegation that Parr borrowed money from

Duval County which had not been repaid, the defendants in one of their verified pleadings quote from an alleged deposition of Parr and alleged pleading of Parr in other cases, but no copy of the alleged deposition or pleading was attached as required by Rule 166-A. The state of the proof on this charge would not warrant the rendition of a summary judgment.

Another ground in the motion was that if Parr's present suit were in good faith "he would repay to Duval County all funds that while County Judge of Duval County he illegally took, received, concealed, converted, and paid to persons such as Dan U. Garcia, whom Parr paid $20,000.00 on or about April 1, 1952, of Duval County funds to induce said Dan U. Garcia to resign as Sheriff of Duval County so said Parr could be appointed to said office upon his resigning as County Judge of said Duval County," and for which no discharge has been received. The only support for that charge is an answer of defendants to the original petition, which is verified by the attorney who drew the answer. Even if we assume that the certification complies with Rule 166-A, the allegation concerning the transaction with Dan U. Garcia is the only specific one involving the time when Parr was County Judge. We find in the record an affidavit of Charles T. Stansell, Jr., who was County Auditor of Duval County at the time of the alleged transaction. The affidavit states that at no time between 1935 and 1954 was George Parr entrusted with public money without having since obtained a discharge therefor. Thus a fact issue is raised requiring adjudication upon trial.

It must be kept in mind that this case has never been tried on its merits, but only on motions for summary judgment under Rule 166-A. The right to summary judgment was unknown to common law and exists in this State only by virtue of that rule. In order to be entitled to the benefits of the rule all of its terms must be complied with. This the defendants have failed to do.

As noted above, plaintiffs filed a motion for summary judgment in the trial court which was overruled. In Rogers v. Royalty Pooling Co., 157 Texas 304, 302 S.W. 2d 938, where both parties filed motions for summary judgment, and the trial court granted one motion and overruled the other, this court held that in an appeal from the order granting a summary judgment, the Court of Civil Appeals could not review the order of the trial court overruling the other motion.

After a careful consideration of the matter we have come

to the conclusion that that case should be overruled. If the only order in the trial court is one overruling a motion for summary judgment, then that order is interlocutory and no appeal will lie therefrom. But when, as in this case, both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented. If reversible error is found, the court should render such judgment as the trial court should have rendered, Rule 434, and if the case is brought to this court and the judgment of the Court of Civil Appeals is reversed, we should render such judgment as that court should have rendered. Rules 501 and 505. Rogers v. Royalty Pooling Company is overruled.

■ Concerning the application of the plaintiffs Garcia and Parr but little need be written. They join in a single application for writ of error, which is wholly insufficient to present any questions for review under Rule 469, T.R.C.P. We here copy the entire application following the statement of jurisdiction:

## "POINTS OF ERROR:

"1.  The Court of Civil Appeals reversibly erred in not rendering judgment in favor of petitioner Garcia, that he forthwith recover the office he sues for. (Germane to assignment of Error No. 1 in Appellants' Motion for Rehearing in the Court of Civil Appeals.)

"2.  The Court of Civil Appeals reversibly erred in not rendering judgment in favor of petitioner Parr, that he forthwith recover the office he sues for. (Germane to assignment of Error No. 2 in Appellants' Motion for Rehearing in the Court of Civil Appeals.)

"3.  Because there is no evidence supporting its below-quoted holding, and this holding is inconsistent with its other holdings which are correct, the Court of Civil Appeals reversibly erred in its holding (Opinion, p. 6) that: 'However, as to appellant George B. Parr the answer is sufficient to raise an issue of fact as to whether Parr has been entrusted with public moneys and has not paid it back or properly accounted therefor and that he has freely admitted such defalcation.' (Germane to assignment of Error No. 3 in Appellants' Motion for Rehearing in the Court of Civil Appeals.)

"BRIEF OF THE ARGUMENT, WITH PRAYER:
(All points are grouped together.)

"Petitioners respectfully submit that it necessarily and inevitably follows, from the correct holdings and authorities in the Court of Civil Appeals opinion, that the Trial Court's judgment should be reversed and rendered, adjudging that appellants forthwith recover the offices sued for, to which they were unquestionably duly elected. And petitioners respectfully submit that this Court should so render judgment."

The judgment of the Court of Civil Appeals is affirmed, but upon a trial on the merits the court will be guided by this opinion.

Opinion delivered April 30, 1958.

Rehearing overruled October 1, 1958.

MR. JUSTICE SMITH, concurring.

The opinion reaches a correct result, but I respectfully decline to join in overruling the holding in Rogers v. Royalty Pooling Co., 157 Texas 304, 302 S.W. 2d 938. In that case we held that where both parties filed motions for summary judgment, and the trial court granted one motion and overruled the other, the Court of Civil Appeals could not review the order of the trial court overruling the motion for summary judgment. It is true that the Rogers decision was announced in a per curiam opinion. The application for writ of error was not granted, thereby depriving the parties of an opportunity to present oral argument on the question. Although this method of procedure has never met with my approval, yet it must be said that the holding that an order overruling a motion for summary judgment was interlocutory in nature, and, therefore, not appealable, was supported by the case of Wright v. Wright, 154 Texas 138, 274 S.W. 2d 670, decided by this court on January 5, 1955. I am unable to draw a distinction between the holding on the question in the Rogers and Wright cases. The majority in the present case makes no effort to do so. There is no distinction. This court must have so thought, otherwise it would not have cited the Wright case, supra, in support of its decision in the Rogers case.

The parties to the present suit were not concerned enough with this question to mention the overruling of the Rogers case in their motion for rehearing, this for the obvious reason that

the cause was reversed and remanded for trial. The overruling of the Rogers case was unnecessary to a decision in the present case. Since the decision in the Wright and Rogers cases, supra, litigants have accepted the law announced in such cases, and without doubt attorneys representing their clients in many cases have made no more effort to appeal from an order overruling a motion for summary judgment. Likewise, the opposite party will make no effort to point out issues of fact in the event error should be assigned to the action of the trial court in overruling a motion for summary judgment. As a matter of fact, we have such a case pending in this court. The case is styled and numbered: A-6759, Gulf, Colorado & Santa Fe Railway Company v. G. C. McBride, DBA G. C. McBride Company, and Central Surety and Insurance Corporation.* In that case, the respondent very briefly replied to the point urging that the court erred in overruling petitioner's motion for summary judgment. The respondent apparently felt secure in the belief that appeals cannot lie where orders are interlocutory in nature, and that appeals cannot lie from those portions of orders which are interlocutory until a final judgment has been reached in the case. The respondent in the McBride case thought it sufficient to say: "In view of the very recent Supreme Court opinions in the cases of Wright v. Wright, 154 Texas 138, 274 S.W. 2d 670, and Rogers v. Royalty Pooling Co., 157 Texas 304, 302 S.W. 2d 938, we will not unnecessarily lengthen this writing. One comment in connection with this point, however, seems indicated. Contrary to the position that petitioners have taken in its application, the rule as announced by this Honorable Court in the above cases is not 'downright and unfair.' " As pointed out by this court, speaking through the Honorable Justice Garwood in the Wright case, supra, "the benefits of such a rule as petitioner urges would well be outweighed by the resultant confusion."

Opinion delivered and filed October 16, 1958.