J. P. STOCKWELL et al., Appellants,

v.

George B. PARR et al., Appellees.

No. 13443.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 10, 1958.

Rehearing Denied Dec. 31, 1958.

Sidney P. Chandler, Corpus Christi, Sam H. Burris, Alice, Walter P. Purcell, San Diego, for appellants.

Gerald Weatherly, Laredo, Werner A. Gohmert, Alice, Gordon Gibson, Laredo, for appellees.

BARROW, Justice.

This is an injunction proceeding, filed October 13, 1958, by J. P. Stockwell and Rafael Garcia, and by the State of Texas, acting by and through her District Attorney, Sam H. Burris, and County Attorney, Walter P. Purcell, by way of cross-action against George B. Parr and Amando Garcia, Jr., and against Daniel Tobin, Jr., Tomas H. Molina and Juan Leal, individually and as members of the Commissioners' Court of Duval County, Texas; said cross-action being brought in and ancillary to the consolidated causes Nos. 6351 and 6352, styled Amando Garcia, Jr. v. Daniel Tobin, Jr. et al., and George B. Parr v. Daniel Tobin, Jr., et al. Said cross-action sought a temporary injunction to restrain George B. Parr and Amando Garcia, Jr., from in any manner attempting to assume the duties of Sheriff and County Clerk, respectively, of Duval County, Texas, and to restrain Daniel Tobin, Jr., Tomas H. Molina and Juan Leal from attempting in any manner to seat or give to said Parr and Amando Garcia, Jr., said offices, pending a trial of the main suit, and to restrain them from paying out to Parr and Amando Garcia, Jr., any public funds of Duval County, Texas, pending the trial of the main consolidated suits and the determina-

tion therein of the right of title to the offices of Sheriff and County Clerk of Duval County, Texas.

The trial judge on October 13, 1958, granted an application for a temporary restraining order, and set the hearing on application for temporary injunction for October 16, 1958, at which time a hearing was had, and the trial court rendered judgment denying in all things a temporary injunction, except that Duval County, Texas, was enjoined from paying out any salary to either George B. Parr, as Sheriff of said County, or Amando Garcia, Jr., as County Clerk thereof. From that judgment J. P. Stockwell and Rafael Garcia have prosecuted this appeal. Stockwell and Rafael Garcia will hereafter be referred to as appellants, and Parr, Amando Garcia, Jr., and Tobin, Molina and Leal, both individually and as Commissioners, will be referred to as appellees.

Appellees Tobin, Molina and Leal, on behalf of themselves as individuals and on behalf of Duval County, Texas have filed an original motion in this Court asking that they be dismissed as parties to this appeal. It appears from the record that they appeared in the District Court, both in person and by attorney, and filed pleadings in opposition to the injunction sought, and are proper parties to this appeal. The motion is therefore overruled.

A statement of the history of this controversy is deemed necessary:

Originally, Amando Garcia, Jr., brought suit against Daniel Tobin, Jr., County Judge of Duval County, and the then four County Commissioners of that County, seeking, among other things, a writ of mandamus requiring the defendants to issue to him a certificate showing that he was elected to the office of County Clerk of Duval County at the General Election in November, 1956, at which election he received practically all the votes. On January 1, 1957, Rafael Garcia qualified as County Clerk of Duval County, under an appointment by the Commissioners' Court of that County, which had declared the office vacant, and thereafter this became a suit between Amando Garcia, Jr., and Rafael Garcia for the office of County Clerk of Duval County.

Likewise, George B. Parr originally brought a suit against Daniel Tobin, Jr., and the County Commissioners, seeking, among other things, a writ of mandamus requiring the defendants to issue to him a certificate showing that he was elected to the office of Sheriff of Duval County at the General Election in November, 1956, at which he received a substantial majority of the votes. On January 1, 1957, J. P. Stockwell qualified as Sheriff of Duval County under an appointment by the Commissioners' Court of Duval County, which had declared the office vacant, and thereafter that cause became a suit between George B. Parr and J. P. Stockwell for the office of Sheriff of Duval County. These two cases were consolidated by the trial court with a third suit filed by Felipe Valerio, Jr., against Daniel Tobin, Jr., and others. The Valerio case is not involved in this appeal and will not be further mentioned.

Ultimately, Amando Garcia, Jr., and George B. Parr filed motions for summary judgment, and the defendants also filed a motion for summary judgment. The trial court denied the motions of Amando Garcia, Jr., and George B. Parr, but granted the motion of defendants, and rendered judgment that George B. Parr and Amando Garcia, Jr., take nothing, from which judgment they prosecuted an appeal.

The ground upon which defendants were awarded a summary judgment in the trial court was that Amando Garcia, Jr., and George B. Parr were ineligible to hold the offices of County

Clerk and Sheriff, respectively, under the provisions of Article III, Section 20, of our State Constitution, Vernon's Ann.St. That section reads as follows:

"No person who at any time may have been a collector of taxes, or who may have been otherwise entrusted with public money, shall be eligible to the Legislature, or to any office of profit or trust under the State government, until he shall have obtained a discharge for the amount of such collections, or for all public moneys with which he may have been entrusted."

The Court of Civil Appeals (Garcia v. Tobin, 307 S.W.2d 836), opinion by Chief Justice Murray, reversed and remanded the case for trial in the District Court on the ground that the constitutional provision presupposes that there has been a prior judicial determination or admission of the entrustment of public money and a failure to obtain a discharge therefor.

Both parties filed applications for writ of error, which were granted by the Supreme Court. That Court, as we understand the opinion, held that such previous conviction or admission was not a necessary finding, and in that connection said [316 S.W.2d 396, 398]:

"Assuming that the Commissioners' Court exceeded its authority in refusing to issue certificates of election to the plaintiffs, that is not determinative of this case. As the case developed, it was a suit by Amando Garcia, Jr., and George B. Parr against Rafael Garcia and J. P. Stockwell for the title to the offices of County Clerk and Sheriff, respectively, and in order to prevail in that suit it was incumbent upon them to show themselves to be duly elected, qualified and eligible to hold the offices which they sought. If it is shown on the trial that they have failed to be discharged of money entrusted to them, they will not have shown themselves eligible and entitled to the offices. We do not agree with the ground upon which the Court of Civil Appeals based its decision."

The Supreme Court affirmed the judgment of the Court of Civil Appeals, reversing and remanding the case to the District Court, but ordered that upon a trial of the merits the court be guided by the opinion of the Supreme Court. Thereafter the Supreme Court duly issued its mandate that the trial proceed in the District Court in accordance with the opinion of the Supreme Court.

Thereafter, on October 13, 1958, the appellees, Daniel Tobin, Jr., Tomas H. Molina and Juan Leal, notwithstanding the opinion and mandate of the Supreme Court, and notwithstanding the case had at that time been set for trial in the District Court, entered an order purporting to be the order of the Commissioners' Court of Duval County, declaring that in and by the General Election of 1956 appellees Amando Garcia, Jr., and George B. Parr were duly qualified and eligible candidates for the offices of County Clerk and Sheriff, respectively, of Duval County, and in said election were duly elected and eligible and qualified for the offices of County Clerk and Sheriff, respectively, of Duval County, and were entitled to immediate possession of said offices and their salaries, perquisites, emoluments, rights, and privileges, and ordered that said Daniel Tobin, Jr., as County Judge, forthwith issue certificates of election declaring that they were so elected.

Thereafter appellees George B. Parr and Amando Garcia, Jr., each took the oath of office and executed bonds, which were approved by appellees, Daniel Tobin, Jr., Tomas H. Molina and Juan Leal, purporting to act as Commissioners' Court of Duval County, Texas.

Article 5, § 8, of the Constitution of Texas, among other things, providing for the jurisdiction of the District Courts of Texas, provides:

"The District Court shall have appellate jurisdiction and general supervisory control over the County Commissoners Court, with such exceptions and under such regulations as may be prescribed by law; * * *."

■ The constitutional provision is self-enacting and no statutory procedure is provided for the exercise of such appellate and supervisory power. It has been repeatedly held that this power is invoked by direct suits in the District Court having for their purpose a review of the actions of Commissioners' Courts. Shivers v. Stovall, Tex.Civ.App., 75 S.W.2d 276, affirmed 129 Tex. 256, 103 S.W.2d 363. Under such constitutional provisions the District Court of Duval County acquired exclusive jurisdiction to determine the election, qualifications and eligibility of Amando Garcia, Jr., and George B. Parr to enter into, occupy and hold the offices of County Clerk and Sheriff, respectively, and any attempt by the Commissioners' Court, after the jurisdiction of the District Court had attached, to certify the election and approve the bonds of said parties, and to seat them in said offices as having been elected to said offices at the 1956 General Election is void. These purported orders of October 13, 1958, amounted to nothing more than an attempt by the Commissioners' Court to usurp the jurisdiction of the District Court and to pass upon the very issues involved in the District Court suit, i. e., the election, qualification and eligibility of George B. Parr and Amando Garcia, Jr. We are of the opinion, therefore, that the court erred in denying the temporary injunction restraining appellees Daniel Tobin, Jr., Tomas H. Molina and Juan Leal from taking any action attempting to qualify or seat George B. Parr and Amando Garcia, Jr., in the offices of Sheriff and County Clerk, respectively, by virtue of the 1956 General Election, and in refusing the injunction to restrain appellees George B. Parr and Amando Garcia, Jr., from attempting to take over possession of said offices by virtue of said election.

■ Moreover, inasmuch as the Commissioners' Court on January 1, 1957, appointed J. P. Stockwell to fill the vacancy in the office of Sheriff of Duval County, Texas, and Rafael Garcia to fill the vacancy in the office of County Clerk of said County, and these appointees have duly qualified as such officers, and have been and are now in possession of and performing the duties of said offices, they are, at least, de facto officers and entitled to an injunction to restrain any interference with their possession of the offices during the tenure of their appointment. Callaghan v. Mc-Gown, Tex.Civ.App., 90 S.W. 319, writ refused; Callaghan v. Tobin, 40 Tex.Civ. App. 441, 90 S.W. 328, writ refused; Callaghan v. Irvin, 40 Tex.Civ.App. 453, 90 S.W. 335, writ refused. Inasmuch as the appointment of appellants, J. P. Stockwell and Rafael Garcia could only extend to the next General Election (Constitution, Art. 5, §§ 20 and 23), their right to hold the respective offices will expire on January 1, 1959. Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325.

Appellees rely strongly on the case of Gonzalez v. Duran, Tex.Civ.App., 250 S.W. 2d 322, by this Court. That case involved a contested school district consolidation election. At the time injunctions were sought the results had been declared in favor of consolidation and the election contest filed. By virtue of the statute, Art. 2806, R.S.1925, Vernon's Ann.Civ.St. art. 2806, the Rio Grande City Independent School District having the greatest number of scholastics at the time of such consolidation, the board of trustees of said district were the trustees of the consolidated district, until and unless the trustees of the Grulla Independent School District should successfully contest the consolidation election. At the time both sets of trustees

sought an injunction in the case the burden of proof was on the Grulla Trustees, which they were required to discharge before they would be entitled to hold the offices of trustees of the consolidated district. This Court affirmed the action of the trial court granting an injunction to the Trustees of the Rio Grande City Independent School District pending that contest. In the instant case the Supreme Court has laid down the law of the case, that before George B. Parr and Amando Garcia, Jr., are entitled to the offices they claim by reason of the 1956 election they must show themselves to be duly elected, qualified and eligible to hold the offices which they seek. This is the matter pending in the District Court, of which it has exclusive jurisdiction.

That part of the judgment granting a temporary injunction restraining Duval County, Texas, from paying out any salary to either George B. Parr, as Sheriff of Duval County, or to Amando Garcia, Jr., as County Clerk of Duval County, is not complained of on this appeal and it is therefore affirmed. That part of the judgment denying an injunction in all other respects is reversed and here rendered that an injunction be granted as against appellees George B. Parr and Amando Garcia, Jr., and each of them, from attempting in any manner to take over the offices of Sheriff of Duval County, Texas, and County Clerk of Duval County, Texas, until after the 31st day of December, 1958, and from in any manner interfering with the occupancy and management of said offices by appellants, J. P. Stockwell and Rafael Garcia, until after said date, and that a temporary injunction be granted against appellees Daniel Tobin, Jr., Tomas H. Molina and Juan Leal, restraining them from in any manner attempting to seat George B. Parr and Amando Garcia, Jr., or either of them in the offices of Sheriff and County Clerk of Duval County, until after the 31st day of December, 1958, upon the execution by appellants of bond in the sum of $1,000.00, payable and conditioned as required by law.

All costs are taxed against appellees.

POPE, Justice (dissenting).

I concur in that part of the majority opinion which holds that for all practical purposes the term of the appointments of appellants will expire on December 31, 1958. The Supreme Court in Tobin v. Garcia, Tex., 316 S.W.2d 396, held that the suit by Parr and Garcia against J. P. Stockwell and Rafael Garcia was one for the title to the offices of County Clerk and Sheriff, respectively. The suit is, therefore, not an appeal from an order of the Commissioners' Court under the supervisory powers of the District Court, but is a direct suit brought in the District Court for the title to the offices.

The Commissioners' Court at no time ever canvassed the votes cast for County Clerk and Sheriff in the November, 1956, election, until it did so in October of 1958. The granting of the injunction means that a District Court can by injunction interfere in a purely political matter, a thing which has not heretofore been countenanced. 15-B Tex.Jur., Elections, § 142. In my opinion the filing of what the Supreme Court has finally construed as an original suit filed in the District Court for the trial of title to office, does not oust the jurisdiction of the Commissioners' Court of its political powers to do what it is required to do by Section 8.34 of the Election Code, V.A.T.S. An appeal by resort to the supervisory powers of the District might do so, but this, says the Supreme Court, is not such a proceeding.

The unfortunate result of the opinion of the majority is that a Commissioners' Court may refuse to comply with Article 8.34 of the Election Code; then the one who received the majority of the votes is forced to file a suit for title to the office. From the opinion of the majority, once a

suit, for title to office is filed the Commissioners' Court loses all power to comply with the law. The result is that a candidate may win at the polls, as both of the appellees did, but the Commissioners' Court by refusing to act, can force the winner to file a suit for title to the office. When that suit is filed, according to the majority, the Commissioners' Court is ousted of its power to act, and the winner at the polls winds up with the burden of proof.

I would affirm the judgment of the trial court.