J. P. STOCKWELL et al., Appellants,

v.

Vidal GARCIA et al., Appellees.

No. 13471.

Court of Civil Appeals of Texas.

San Antonio.

May 20, 1959.

Rehearing Denied June 17, 1959.

Sidney P. Chandler, Corpus Christi, for appellants.

Archer Parr, O. P. Carrillo, San Diego, for appellees.

MURRAY, Chief Justice.

This suit was instituted by appellees, Vidal Garcia and others, against J. P. Stockwell and others, appellants, seeking a temporary injunction, and on final hearing a permanent injunction, against appellants, restraining and enjoining them from interfering with appellees in conducting their duties as Sheriff and/or Deputy-Sheriffs of Duval County, Texas, and further requiring appellants to turn over, account for, and deliver each and every article or piece of property belonging to the office of Sheriff of Duval County, or to Duval County itself, in their possession.

The appellants answered and alleged that J. P. Stockwell was Sheriff of Duval County on January 1, 1957, and that he is entitled to hold such office until the outcome of a cause now pending in the District Court of Duval County, being Cause No. 6352, styled George B. Parr v. Daniel Tobin, Jr., et al.

The trial court, after notice and hearing, on January 12, 1959, granted the temporary injunction as prayed for, and J. P. Stockwell and the other appellants have prosecuted this appeal.

The trial court found, "that on January 1, 1957, the Commissioners Court of Duval County, Texas, declared a vacancy in the office of Sheriff of said county, and appointed the defendant, J. P. Stockwell, to fill said vacancy; that pursuant to said appointment, J. P. Stockwell qualified for the office of Sheriff and has been acting as such until January 3, 1959; that on the first day of January, 1959, the Commissioners Court of Duval County, Texas, appointed plaintiff, Vidal Garcia, to the office of Sheriff of Duval County, whereupon the said Vidal Garcia qualified for said office; or, in the alternative, the Commissioners Court of Duval County, Texas, on said date declared the said Vidal Garcia to be elected in the November, 1958, election as a write-in candidate for the unexpired term of Sheriff of Duval County, Texas, * * *."

Appellant Stockwell takes the position here that he is holding the office of Sheriff of Duval County, not by appointment by the Commissioners but by reason of having been elected in 1954, and again in 1956. We cannot agree with this contention. It is clear that on January 1, 1957, the Commissioners' Court tendered to

Stockwell an appointment to the office of Sheriff of Duval County, and that he accepted such appointment and qualified in the manner provided by law and began the discharge of such duties. He is not now in a position to claim that he is holding the office by election either in 1954 or 1956. The above case was before this Court in Garcia v. Tobin, 307 S.W.2d 836, 837. In our opinion we made the following finding of fact: "On January 1, 1957, J. P. Stockwell qualified as Sheriff of Duval County under an appointment by the Commissioners' Court of Duval County, * * *." The Supreme Court granted a writ of error, and in its opinion, 316 S.W.2d 396, recited the same fact as to Stockwell serving as Sheriff under an appointment of the Commissioners' Court. The same controversy was again before this Court in Stockwell v. Parr, 319 S.W.2d 779, and we again found that Stockwell was serving as Sheriff of Duval County under appointment of the Commissioners' Court of Duval County. Because the case had become moot, our opinion was vacated by the Supreme Court in Parr v. Stockwell, 322 S.W.2d 615, but the above finding of fact has never been deviated from in any way. Stockwell is not now in a position to contend that he was not serving under such an appointment.

 The Commissioners' Court had authority to fill the vacancy in the Sheriff's office by an appointment, but such appointee could not hold office longer than the next election. There was an election in November, 1958, and the Commissioners' Court, which is the proper canvassing body, declared Vidal Garcia elected to the office and issued him a certificate of election, and, out of an abundance of precaution, also appointed him to the office of Sheriff. Therefore, if for any reason the election was not valid, then beyond any doubt his appointment was. By either election or appointment Vidal Garcia was entitled to the office of Sheriff of Duval County on January 1, 1959. He took the oath and gave the bond required by law, and in fact became Sheriff of Duval County on January 1, 1959. Stockwell's term, under his appointment, expired on December 31, 1958, and after that date he became nothing more than an intruder in the office. The trial court very properly granted the temporary injunction.

Appellants seem to rely upon the case of McAllen v. Rhodes, 65 Tex. 348. That case is not in point here. There John McAllen was trying, by injunction, to remove from the office of County Judge of Hidalgo County, T. M. Rhodes, who had been issued a certificate of election and who had qualified and entered upon the discharge of the duties of the office. The Court correctly refused to remove an incumbent who held a certificate of election in favor of a person who was merely claiming to have been elected but held no certificate of election.

The order of the trial court granting the petition for temporary injunction against Stockwell is in all things affirmed.