Paul A. **WILBORN, Jr.,** Appellant,

v.

**FARM AND HOME SAVINGS ASSOCIATION,** Appellee.

**No. 16122.**

Court of Civil Appeals of Texas, San Antonio.

June 27, 1979.

J. Ken Nunley, Dodson, Harpole & Nunley, Uvalde, for appellant.

Kenneth W. Smith, Meyers, Miller & Middleton, Dallas, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a summary judgment proceeding. Appellant, Paul A. Wilborn, Jr., complains that the trial court erred in refusing to grant his motion for summary judgment on a counterclaim filed by him seeking statutory penalties under Article 5069 of the Texas Consumer Credit Code, hereinafter referred to as the Code, and in granting Farm & Home Savings Association's motion for summary judgment as to such counterclaim.[1]

There is some question of whether the denial of Wilborn's motion for summary judgment is properly before us. Assuming that such motion is properly before us we will consider both motions for summary judgment together.[2] We have concluded after considering all of the summary judgment evidence that neither summary judgment should have been granted.

■ In summary judgment cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. The provisions of Rule 166–A of the Texas Rules of Civil Procedure are applicable alike to defendants and plaintiffs who move for summary judgment; the judgment should be granted, and if granted, should be affirmed only if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969); *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965).

Appellant asserts that he is entitled to summary judgment on his counterclaim because the record establishes, as a matter of law, violations of the Code including (a) failure to disclose the kind, coverage, term, and amount of premium for insurance; (b) failure to comply with the provisions as to size of type setting out liability insurance coverage for bodily injury and property damage; (c) violation of the provisions as to delinquent installment payments; and (d) violations of the provisions as to time price differential. Farm & Home urges that the trial court properly granted its motion for summary judgment because (a) it is not a seller, but an assignee;[3] (b) at the time it purchased the retail installment contract it had no knowledge of any failure to comply with the Code and that, under such circumstances, Wilborn's acknowledgment of delivery of a copy of the retail installment contract constitutes conclusive proof of compliance with the Code as to a holder of the contract without knowledge to the con-

---

1. This case is before us in the following posture. Farm & Home filed a suit against Wilborn for an alleged deficiency owing on a mobile home, after the mobile home had been repossessed and sold. Wilborn answered by general denial and also filed a counterclaim for alleged violations of the Code, seeking judgment in the amount of $21,735, attorney's fees in the sum of $5,000, and costs of court. Farm & Home's answer contained defenses of waiver, laches and unintentional violations resulting from bona fide error, and asserted that Farm & Home was not a seller but rather an assignee without knowledge of any violations. Wilborn filed a motion for partial summary judgment based on the pleadings and affidavit on file and asked that the claim for attorney's fees be severed. Farm & Home filed its motion for summary judgment asserting basically the defenses above set forth and, in particular, that it was a holder without knowledge of any viola-

tions of the Code and that Wilborn's acknowledgment of delivery of a copy of the contract is conclusive proof of compliance with the Code as to a holder of that contract without knowledge to the contrary at the time it purchased the contract. The trial court overruled Wilborn's motion for summary judgment as to his counterclaim and granted Farm & Home's motion for summary judgment. Wilborn's motion to sever his counterclaim was granted by the trial court. The pleadings as to severance are confusing and leave some doubt as to the exact status of the case presently pending below.

2. *See Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958).

3. *See* Snell, *Assignee Liability Under the Texas Consumer Credit Code*, 8 St. Mary's L.J. 696 (1977).

trary;[4] (c) the summary judgment proof establishes that the contract complied with Code provisions as to required size of type; and (d) if there were any violations, they were not intentional but were the result of bona fide error.[5]

Farm & Home's motion for summary judgment is based on the pleadings and affidavits on file which include:

(1) an affidavit by an assistant vice-president of appellee that

(a) the file which was delivered to Farm & Home by the seller of the mobile home contained an application for mobile home insurance signed by Wilborn; such application contained information pertaining to insurance, including coverage, term, and amount of premium, and furnished Wilborn with all the information as to insurance required under the Code;

(b) Farm & Home in its regular course of business, after a contract is purchased, sends the buyer an instrument called a "Statement of Assignment or Negotiation," which notifies the buyer of the assignment and states that if the buyer has any objection or complaint as to the contract or any claim or defense, Farm & Home must be notified within thirty days from the date the notice is mailed. The affiant stated that such a notice was mailed to Wilborn and no reply was ever received by Farm & Home;[6]

(c) Farm & Home has complied with all the provisions of the Code. The affidavit also contains copies of various instruments relied on by Farm & Home; and

(2) an affidavit by an officer of a printing company which stated that he was "well qualified by training and experience to measure type" and that he had examined the contract involved and that in his expert opinion the type size which Wilborn claimed constituted a violation was ten-point type, as required by the Code.

Appellee Farm & Home's summary judgment evidence at best raises only disputed issues of fact and does not establish that it is entitled to judgment as a matter of law. Farm & Home's motion for summary judgment was, therefore, improperly granted.

Wilborn's motion for summary judgment is also based on the pleadings and affidavits on file. The only affidavit filed by Wilborn was his own, in which he stated that he was the person who executed the retail installment contract involved and that the original copy attached to the affidavit was a copy which was received at the time the contract was executed.

From an examination of all the summary judgment evidence, including all the affidavits and the exhibits, we have concluded that there are disputed fact issues both as to some of Farm & Home's defenses and as to the Code violations relied upon by Wilborn. There is reversible error, and the interest of justice would best be served by a general remand for full development of the evidence.[7] The summary judgment evidence before us does not establish that either party is entitled to a summary judgment.

The judgment is reversed and the cause remanded to the trial court for a trial on the merits.

4. Tex.Bus. & Com.Code Ann., art. 5069–7.02(7) (Vernon 1971).

5. See id. art. 5069–8.01(f) (Vernon Supp. 1978–1979).

6. See id. art. 5069–6.07 (Vernon 1971).

7. The summary judgment evidence is incomplete in many respects. It contains no information as to who prepared the loan instruments; whether Farm & Home furnished or required the type of instruments used, or was involved in the process; whether the insurance application signed by Wilborn was executed contemporaneously with the retail installment contract and comprised a part of the same transaction; and, with the exception of the affidavit of the self-styled printing expert, no other information as to the size of type complained of.