**FIRST STATE BANK OF ROGERS, Texas, Appellant,**

v.

**John WALLACE, James Cluiss, Wade Luckett, B.T. Donaho, and J. Kirk Cansler, Appellees.**

**No. 01–88–01006–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1990.

Rehearing Denied April 26, 1990.

Jack W. Jones, Jr., Temple, for appellant.

C. Randall Michel, Vance, Bruchez and Goss, P.C., Bryan, for appellees.

Before DUGGAN, SAM BASS and HUGHES, JJ.

OPINION

DUGGAN, Justice.

This is an appeal from the granting and denial of cross-motions for summary judgment.

Appellees, John Wallace, James Cluiss, Wade Luckett, B.T. Donaho, and J. Kirk Cansler, brought suit for breach of contract in August 1986 against Continental Trucking, Inc. ("Continental"), alleging Continental had failed to pay them certain sums due under written and oral contracts.

Wallace was a terminal manager for Continental in Laredo, Texas; the remaining appellees were independent contractor truck drivers. As terminal manager, Wallace received three checks from a client of Continental in April or May 1986. Through his attorney, Wallace tendered these checks, appearing to total $25,562.07, into the registry of the court in February 1987. Appellees sought a declaratory judgment determination that they were entitled to the tendered funds in partial satisfaction of

their breach of contract claim against Continental.

In November 1987, appellant, First State Bank of Rogers, Texas ("First State Bank"), intervened in the suit, asserting it had a superior interest in the tendered funds pursuant to a security agreement executed by Continental on or about May 28, 1986, to secure a loan extended to Continental by InterFirst Bank S.W. Temple ("InterFirst").[1]

According to affidavits submitted with First State Bank's motion for summary judgment:

(1) Continental defaulted in payment of its indebtedness to InterFirst on or about April 30, 1986. InterFirst foreclosed on the property described in the security agreement.[2]

(2) On or about August 1, 1986, InterFirst assigned to Citizens National Bank of Killeen ("Citizens") all of its property interest in "accounts, contract rights, chattel paper, instruments, general intangibles and rights to payment of every kind, now [May 28, 1986] or at any time hereafter arising out of the business of Continental...."

(3) On or about November 1, 1987, Citizens assigned to First State Bank all of its property and security interest in "accounts, contract rights, chattel paper, instruments, general intangibles and rights to payment of every kind, now [May 26, 1986] or at any time hereafter arising out of the business of Continental ..."

Appellees do not dispute these summary judgment facts.

Both First State Bank and appellees moved for summary judgment in the trial court. The trial court found, without specifying its reasons, that: (1) no genuine issue of material fact existed as to appellees' grounds for recovery, and appellees were entitled to judgment as a matter of law; (2) appellees' claims to the funds in the registry were superior to those of First State Bank; (3) appellees were entitled to recover the sum of $95,517.28 plus pre-judgment interest at the rate of six per cent from Continental; (4) appellees were entitled, in part payment of their claim against Continental, to all sums, including interest, held in the registry; and (5) appellees were entitled to recover post-judgment interest at the rate of ten percent from Continental *and* First State Bank, intervenor and appellant. The trial court granted appellees' motion for summary judgment against Continental *and* First State Bank, denied the summary judgment motion of First State Bank, and denied appellees' request for attorney's fees.

First State Bank asserts three points of error. Appellees present two cross-points of error. Continental did not appeal.

■ The denial of First State Bank's motion for summary judgment is appealable because both First State Bank and appellees moved for summary judgment, and one motion was granted and the other was overruled. *Tobin v. Garcia,* 159 Tex. 58, 63–64, 316 S.W.2d 396, 400 (1958).

■ In its third point of error, First State Bank asserts that the trial court erred in granting post-judgment interest to appellees, to be paid by intervenor, First State Bank. We agree in part. The trial court's judgment awarded appellees a recovery of $95,517.28 against Continental. The judgment did not award damages against intervenor, First State Bank, but did allow appellees to recover post-judgment interest from both Continental and First State Bank. The trial court erred in awarding appellees interest to be paid by intervenor, First State Bank, on a sum that

---

1. Appellees' original petition also names InterFirst as a defendant, and InterFirst was served in September 1986. InterFirst filed a general denial in November 1986, and further pled that Continental had paid its debt in full to InterFirst, and that InterFirst had assigned all of its interest in Continental's assets to Citizens National Bank. Appellees' motion to nonsuit InterFirst without prejudice was granted in July 1988.

2. An affidavit by Darrel Cobb, an officer of Continental, attached to First State Bank's motion for summary judgment, states that the property was foreclosed on as evidenced by an April 30, 1986 form letter from InterFirst's attorneys to "Those Persons and Firms Owing Account to Continental Trucking, Inc."

was more than the amount of the disputed registry funds claimed by both appellees and intervenor because First State Bank has no obligation to pay the judgment awarded against Continental.

█ Article 5069–1.05 of the Texas Revised Civil Statutes states that every judgment earns interest from the date of its rendition until it is satisfied. Tex.Rev.Civ. Stat.Ann. art. 5069–1.05, sec. 2 (Vernon Supp.1989). First State Bank argues that it never "committed any wrong whatsoever against the appellees," and that appellees are entitled to damages from Continental only. However, by prosecuting this appeal, First State Bank delayed appellees' collection of that portion of the judgment available from funds in the court registry. Our reading of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, secs. 3(a), (b), and (c) (Vernon Supp. 1989), convinces us that the legislature intended post-judgment interest to accrue during an appeal and to be awarded if the plaintiff prevails. We see no reason to deny appellees post-judgment interest at the prevailing rate on funds deposited in the court's registry merely because an intervenor, rather than the defendant, took the appeal and delayed appellees' rightful receipt of the funds. However, we note that interest has accrued on the funds in the registry after the date of judgment and prior to the withdrawal of the funds by appellees. Such interest shall be credited to the post-judgment interest assessed against First State Bank on the amount paid in to the trial court's registry.

First State Bank's third point of error is sustained in part; the judgment is reformed to allow post-judgment interest to appellees against First State Bank on the amount of the registry funds only, with credit to First State Bank for interest accrued and paid by the clerk.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published. Except as reformed above, the judgment is affirmed.