RACHFORD v. BUILDERS' LUMBER CO.
et al.   (No. 1305.)

(Court of Civil Appeals of Texas. Beaumont.
Nov. 20, 1925.)

1. Judgment ⊕⟹203—Amendment to judgment held not to constitute separate judgment.

Where judgment, in suit to enjoin sale under deed of trust entered for trustee, disposed of him merely as an individual, subsequent judgment amending the first judgment disposing of such trustee, both personally and as trustee, constituted part of the first judgment, and did not have the effect of creating two separate judgments against plaintiff.

2. Appeal and error ⊕⟹1032(1)—Entry of judgment for costs in favor of one defendant, if erroneous, held harmless, in absence of showing such defendant incurred costs.

Entry of judgment for costs against plaintiff in favor of one defendant who did not answer, if erroneous, held harmless, in absence of showing he incurred some costs.

3. Costs ⊕⟹80—Where plaintiff failed to sustain cause of action alleged against codefendant, judgment rendered in favor of such defendant for costs incurred held proper, whether or not he filed pleading.

In suit to restrain sale under deed of trust, wherein trustee, having no real interest in controversy, did not answer, rendition of judgment in behalf of trustee for such costs as he might have incurred held proper, where plaintiff failed in toto to sustain his alleged cause of action, and judgment went for defendant beneficiary on cross-action for foreclosure.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by James H. Rachford against the Builders' Lumber Company and another, in which the named defendant interposed a cross-action against plaintiff. From an adverse judgment, plaintiff appeals. Affirmed.

Jos. H. Rachford, of Beaumont, for appellant.

C. A. Lord, of Beaumont, and T. E. Welch, of Port Neches, for appellee.

HIGHTOWER, C. J.  The appellant, James H. Rachford, commenced this controversy by filing his petition in one of the district courts of Jefferson county, praying for an injunction enjoining the Builders' Lumber Company and J. W. B. Reeves from selling lots Nos. 15 and 16 in block N. 2 of the Rachford and Dearing subdivision of the town of Port Neches, in Jefferson county.  It was alleged by appellant, in substance, in that petition that he had executed on May 30, 1923, in favor of the Builders' Lumber Company, his promissory note in the sum of $925, payable in monthly installments of $25, and bearing interest at the rate of 8 per cent. per annum. Appellant in that petition further alleged that, for the purpose of securing the payment of the $925 note, he executed a deed of trust on lots Nos. 15 and 16 of the Rachford and Dearing subdivision of the town of Port Neches, in which the defendant J. W. B. Reeves was named as trustee.  Appellant then alleged, in substance, that the consideration for the $925 note had failed, and, further, that the note had been paid by him, or, in any event, that not more than $150 remained due on the $925 note.  He alleged that the trustee, Reeves, at the instigation and insistence of the Builders' Lumber Company, was threatening to sell, and had advertised for sale the above-mentioned two lots, and that he would sell the same in payment of said note unless restrained.

The appellee Builders' Lumber Company files its answer in due time, denying the allegations of appellant in his petition, and also filed its cross-action against appellant praying for judgment upon the $925 note, interest, and attorneys' fees, and for foreclosure of the deed of trust on the above-mentioned property.  The defendant J. W. B. Reeves filed no answer.

The trial before the court without a jury resulted in a judgment denying any relief to the appellant as prayed for by him, and also in favor of appellee Builders' Lumber Company, upon its cross-action, for the sum of $985.62, that being the amount of the principal, interest, and attorneys' fees due upon the note, and for foreclosure of the deed of trust as prayed for by appellee.

The appellant caused the transcript in this cause to be filed in this court in due time, but failed to file any brief at all.  The day before the case was set for submission, appellant filed a suggestion of fundamental error, upon which he asked this court to reverse this judgment.

[1] Appellant's first contention that the record shows fundamental error is because, as he claims, there were two separate and distinct judgments entered against him in this cause; one of them bearing date December 5, 1924, and the other bearing date January 31, 1925.  We have examined the record in connection with this contention, and find that appellant is mistaken in his contention that there were two separate and distinct final judgments rendered against him in this cause.  It is apparent from the record that the judgment appearing in the transcript and bearing date January 31, 1925, was simply an amendment of the judgment bearing date December 5, 1924, to the extent that the judgment, as amended, disposes of the defendant J. W. B. Reeves both personally and as trustee, whereas the judgment of December 5, 1924, only disposed of him personally.  In all other respects the two so-called

judgments are exactly the same. Appellant's contention in this connection is overruled.

[2, 3] It is next contended by appellant that the record shows fundamental error because it shows that a judgment was rendered against him in favor of the defendant J. W. B. Reeves, who filed no answer at all in this cause, and had no pleading upon which to rest such judgment. We find no judgment in this record against appellant in favor of J. W. B. Reeves, either personally or as trustee, other than a judgment in favor of Reeves and against appellant for all such costs as Reeves had incurred. As a matter of fact, this record fails to show that Reeves incurred any costs whatever, and therefore, even if it was error on the part of the trial court to render judgment in favor of Reeves for costs by him incurred as against appellant, nevertheless that error would be harmless as to appellant, in the absence of a showing that Reeves had incurred some amount of costs. We think, however, that it was proper for the trial court to render judgment in favor of the defendant Reeves for such costs as he might have incurred in this cause whether he filed any pleading or not. This is so because appellant made Reeves a party defendant and failed in toto to sustain his alleged cause of action against him. Reeves, of course, has no real interest in this controversy, since he was only acting as trustee in the deed of trust for the appellee Builders' Lumber Company. Appellant having failed in his cause of action as against both of the defendants, and the defendant Builders' Lumber Company having recovered against appellant judgment on its cross-action, as presented, it was proper for the trial judge to render judgment against appellant, not only on the Builders' Lumber Company's cross-action, but as against appellant in favor of both defendants for all costs incurred by them. Appellant has cited us no authority holding contrary to this view, and we have found none.

The judgment will be affirmed, and it has been so ordered.