Taunia Thompson **ELICK, Appellant,**

v.

**Janis T. WOODS and Nathan Cross, Appellees.**

**No. 09–92–120 CV.**

Court of Appeals of Texas, Beaumont.

June 17, 1993.

Rehearing Denied July 1, 1993.

---

1. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App. 1987).

Jerry L. Zunker, Austin, Brad Beers, Hardin, Beers, Hagstette & Davidson,

Houston, and John Z. Elick, Bellville, for appellant.

Sam J. Dealey, Turner, Dealey & Zimmerman, Dallas, and Wayne Peveto, Orange, for appellees.

Before WALKER, C.J., and BURGESS, J., and COLLEY,* J. (Retired, Sitting by Assignment.)

## OPINION

COLLEY, Assigned Justice.

This is a summary judgment case involving the construction and application of the Texas Professional Corporation Act, Texas Revised Civil Statutes Annotated, Article 1528e, (Vernon 1980 and Vernon Supp. 1993), (hereinafter called "Article 1528e").

## I.

## INTRODUCTION

A. On November 18, 1988, Orange County attorney Marlin Neal Thompson, Jr., (hereinafter called "Thompson") and his wife, Linda Frederick Thompson (hereinafter called "Linda"), were killed simultaneously in an airplane crash in Arkansas. Thompson's typewritten will dated January 11, 1984, was admitted to probate and record on January 17, 1989. Appellant, Taunia Nell Thompson Elick (hereinafter called "Elick"), and Janis Lynn Thompson Woods (hereinafter called "Woods") were appointed Independent Co–Administrators without bond of Thompson's estate in Trial Court No. 7794. Later, on October 24, 1990, Woods filed a Motion to Remove Elick as Co–Administrator of Thompson's estate. Appellee Wallace Wayne Frederick (hereinafter called "Frederick") as Independent Administrator of the Estate of Linda filed an intervention in the removal cause. In December 1990, Woods and Elick filed their Application to probate the holographic will (second will) of Thompson dated March 31, 1987. On January 3, 1991, the court signed an order removing Elick as Independent Co–Administrator of Thompson's estate.

---

* Justice, Retired, Court of Appeals, Tyler, sitting by assignment pursuant to Tex.Gov't Code Ann.

§ 74.003(b) (Vernon 1988).

On February 19, 1991, in the same cause, the court admitted the holographic will to probate and record, appointing Woods and Appellee Nathan Cross (hereinafter called "Cross") as Co–Administrators of Thompson's estate, but requiring a bond to be filed by the co-administrators in the sum of FOUR MILLION DOLLARS ($4,000,-000.00).[1]

B. At the time of the tragic, untimely deaths of Thompson and his wife Linda, Thompson was a licensed attorney engaged in the active practice of law as a plaintiff's lawyer in Orange County, Texas. He owned all of the authorized and outstanding shares (1,000) of a professional corporation organized as Stephenson & Thompson, P.C. (hereinafter called "P.C."). Under the terms of Thompson's last will, he devised and bequeathed all of his separate property to his four daughters, namely, Elick, Woods, Inga Beth Thompson and Leah Kim Thompson West, and devised and bequeathed all of his community property to his wife Linda, which property, by an agreed judgment passed to the heirs of Linda, *viz.,* Frederick, Patsy F. Hardesty, John Roy Frederick, Pamela L. Williams, Larry Frederick, Lisa Frederick, Lori Pickering, Lance Frederick and Madeline Frederick all of whom are appellees. By the same agreed judgment, the court determined that sixty (60) percent of the stock in the P.C. was separate property of Thompson and that forty (40) percent thereof was community property, and, therefore, an asset of Linda's estate. It is undisputed that Elick is the only legatee of both estates who is a licensed attorney.

## II.

### PLEADINGS

A. After Elick was removed as Independent Co–Administrator of Thompson's estate, Woods and Cross, acting for Thompson's estate, filed a pleading seeking an accounting from Elick, a declaratory judgment declaring that they, as personal representatives of Thompson's estate, were entitled to possession and control of all shares of stock in the P.C. for the purposes of administration and distribution of Thompson's estate in accordance with the terms of the second (holographic) will and recovery of reasonable and necessary attorney's fees under the Declaratory Judgment Act, Tex.Civ.Prac. & Rem.Code Ann. § 37.-009. Under this pleading, Woods and Cross also sought actual and exemplary damages from Elick for alleged breaches of her fiduciary duty as Independent Co–Administrator of Thompson's estate, her conversion of estate property, and finally, alleged as a separate cause of action against Elick, the recovery of attorney's fees in the previous removal action.

B. On February 12, 1992, Frederick and the eight other heirs of Linda filed an Amended Petition in Intervention in the causes of action pleaded by Woods and Cross against Elick, adopting the amended pleadings of Woods and Cross described in the foregoing paragraph hereof, and specifically adopting the pleadings of Woods and Cross for Declaratory Judgment and all other causes of action pleaded by Woods and Cross, but alleging, in addition thereto, "the following cause of action for Declaratory Judgment, [asking] the court to determine the rights of the parties in the stock of [the P.C.]."

Frederick requested the court to declare the following:

1. That the stock in [the P.C.] is an asset of [Thompson's and Linda's estates] to be administered as an asset of the respective estates.

2. That the administrators (and the heirs if they receive the stock on distribution) shall have the right to [sell] the stock to other attorneys or to wind up the affairs of the [P.C.] and dissolve same, in accordance with law.

3. To make other declarations of the rights of the parties to the stock in [the P.C.], in accordance with law.

---

1. The probate of the later (holographic) will effected the vacation of the probate of the earlier will. *Cf. Estate of Morris,* 577 S.W.2d 748, 752 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.) and *Klein v. Dimock,* 705 S.W.2d 408, 410 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

## III.

### PARTIAL SUMMARY JUDGMENT MOTIONS

1. Woods and Cross filed a Motion for Partial Summary Judgment on all causes of action alleged by them in their amended pleadings, and Frederick's last amended pleading and intervention, including the allegations that the personal representatives of the two estates were entitled to the sole and exclusive right of possession and control of the one thousand (1,000) shares in the P.C.; that said representatives were authorized by law to act as officers, directors and shareholders of the P.C. for the purposes of winding up its affairs and effecting its dissolution, by selling the assets of the P.C., or selling the outstanding shares of the P.C., but not for rendering any professional legal services. Woods and Cross also alleged that Elick was not and had never been a shareholder of the P.C., and had no right to require the personal representatives of the two estates, or either of them to sell the stock of the P.C. to her, to the said P.C., or to any other person.

Finally, the movants alleged that Elick, who was removed by court order as Co–Independent Administrator of Thompson's estate, is liable to Thompson's estate for the cost of her removal and for reasonable attorney's fees of the estate incurred in removing her.[2]

Woods and Cross specifically adopted Frederick's "Motion for Partial Summary Judgment."

2. Frederick, individually and as Co–Administrator of Linda's estate joined by all of Linda's heirs, also filed a separate Motion for Partial Summary Judgment. Frederick moved the court to determine the rights of all parties to the cause under applicable statutory and code provisions by declaring that the shares of the P.C. constituted assets of both estates, and that the personal representatives of each estate, in order to make proper distribution of said estates, has lawful authority to either sell the stock of the P.C. to other attorneys or to wind up the affairs of the P.C. and dissolve the P.C. in accordance with law. Frederick also requested other declarations fixing the rights of all parties to the shares of the P.C. as the law directs.

3. Appellant Elick also filed a Motion for Partial Summary Judgment against 1) Woods and Cross as personal representatives of Thompson's Estate, 2) Woods individually, 3) Inga Beth Thompson, 4) Leah Kim West, 5) Frederick, individually and as Independent Administrator of Linda's estate and 6) the eight other heirs of Linda, all appellees herein. Elick alleges that she is an attorney and a licensee of the Supreme Court of Texas and a member of the State Bar of Texas in good standing. She also alleges that none of her sisters nor any of the other appellees are licensed Texas attorneys. She argues that because she is the only licensed attorney among the parties who succeeded to an ownership interest in the P.C., she is the only person who can serve as an officer or director of the [P.C.]. She also alleges that the four hundred and fifty shares that her three sisters take, subject to the administration of Thompson's estate as well as the remaining four hundred shares that Linda's heirs take under her will, must, under Article 1528e, section 14, be repurchased or redeemed by the P.C., leaving Elick as the sole shareholder of the P.C.; thus enabling her to conduct her law practice in the P.C. Elick moved the trial court to either compel the other shareholders and legatees, of both estates to sell their shares forthwith to the P.C. or order, under the equitable powers of the court, a sale of the shares held by the other legatees of Thompson's es-

---

2. In the removal cause filed against Elick, neither Woods and Cross (the Plaintiffs) nor Frederick (the Intervenor) prayed for costs or attorney's fees, nor did the removal order award attorney's fees against Elick.

tate and those held by the legatees of Linda's estate. Elick argues in her motion that Article 1528e provides no remedy in her situation as the sole licensee among all legatees of both estates, but nevertheless urges the court to provide her a suitable remedy under the circumstances. In short, Elick moves the court to declare that she is entitled to retain her one hundred and fifty shares of the P.C., serve as a de jure director and CEO of the P.C. so that the P.C. can lawfully redeem the outstanding shares of the non-lawyers before the administration of the estate is completed.

## IV.

### TRIAL COURT JUDGMENT

We are confronted here with a somewhat perplexing problem. The trial court issued two separate interlocutory orders, one sustaining Woods and Cross' Motion for Partial Summary Judgment and the other sustaining Frederick's Motion for Partial Summary Judgment. We are aware that TEX. R.CIV.P. 301 permits but one final judgment in a cause. *See Hammett v. Lee*, 730 S.W.2d 350, 351 (Tex.App.—Dallas 1987, no writ) and *Crabtree v. Crabtree*, 627 S.W.2d 486, 487 (Tex.App.—Corpus Christi 1981, no writ).

■ However, we are persuaded that, because the trial court based on its ruling on Elick's severance motion,[3] assigned but one new cause number, *viz.*, Number 7794–A for both otherwise interlocutory orders in order to render both orders appealable and final, he intended that the two orders, one signed one minute before the other on the same day, that is, on March 26, 1992, should comprise but one final judgment respecting the declaratory judgment actions alleged by the representatives of both estates. Therefore, we construe the two orders as one final judgment disposing of the declaratory judgment actions asserted by all parties, plaintiff hereto. *Cf. Fenley*

*v. Ogletree*, 277 S.W.2d 135 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.) and *Rachford v. Builders' Lumber Co.*, 278 S.W. 225 (Tex.Civ.App.—Beaumont 1925, no writ).

We now quote the declarations in the court's order granting Frederick's motion, to wit:

"It is therefore, ORDERED, ADJUDGED and DECREED that the Motion for Partial Summary Judgment filed herein by Wallace Wayne Frederick, et al is hereby granted, as follows:

1.  The court declares that the stock in Stephenson & Thompson, P.C., is an asset of the Estate[s] of Marlin Thompson & Linda Thompson to be administered as an asset of the respective estates.

2.  The court declares that the administrators (and the heirs if they receive the stock on distribution) shall have the right to sell the stock in Stephenson & Thompson, P.C., to other attorneys or to wind up the affairs of the corporation and dissolve same, in accordance with law."

The trial court's order sustaining the Motion for Partial Summary Judgment filed by Woods and Cross reads in part:

"It is therefor[e] ORDERED, ADJUDGED and DECREED that the Motion for Partial Summary Judgment filed herein by WOODS and CROSS is hereby granted, as follows:

1.  That sixty percent (60%) of the stock of Stephenson & Thompson, P.C. is an asset of the Estate of Marlin Neal Thompson, Jr., and forty percent (40%) of the stock of Stephenson & Thompson, P.C. is an asset of the Estate of Linda Jane Frederick Thompson, to be administered by the personal representative of the respective estate in accordance with the Texas Probate Code.

2.  That Wallace Wayne Frederick, as Independent Administrator of the Es-

---

**3.** Elick filed a motion to sever out the Declaratory Judgment actions filed by Woods and Cross and by Frederick, et al. The Court granted the severance motion, thereby severing out the claims of all parties in respect to declaratory relief or to all parties' rights and status pursuant to Art. 1528e.

tate of Linda Jane Frederick Thompson, and Janis Lynn Thompson Woods and Nathan Cross, Dependent Co–Administrators of the Estate of Marlin Neal Thompson, Jr., have sole and exclusive right of possession and control of the stock of Stephenson & Thompson, P.C.

3. That Wallace Wayne Frederick, as Independent Administrator of the Estate of Linda Jane Frederick Thompson, and Janis Thompson Woods and Nathan Cross, Dependant Co–Administrators of the Estate of Marlin Neal Thompson, Jr., having succeeded to all of the shares in Stephenson & Thompson, P.C., may act as officers, directors and shareholders for the purposes of winding up the affairs of the said corporation and effecting its dissolution, selling the assets of the corporation, or selling the outstanding shares of the corporation, but not for rendering any professional services.

4. That Taunia Nell Thompson Elick is not and has never been a shareholder of Stephenson & Thompson, P.C. and has no right to require the personal representatives of the estates of Marlin Neal Thompson, Jr. and Linda Jane Frederick Thompson, or of either of them, to sell the stock of Stephenson & Thompson, P.C. to her, to the said corporation, or to any other person.

5. That, pursuant to the Texas Probate Code Section 245, Taunia Nell Thompson Elick having been removed for cause as an Independent Co–Executor of the Estate· of Marlin Neal Thompson, Jr., is liable to the said estate for cost of removal and for reasonable attorney's fees of the estate incurred in removing her."

### V.

#### APPELLANT'S POINT OF ERROR

Elick alleges that the trial court erred in granting appellee's motions for summary judgment and in overruling her motion for summary judgment. She makes essentially the same arguments in this court as she made in the trial court.

In that regard, she contends that section 14 of article 1528e, properly construed, requires non-lawyers who acquire shares in a professional corporation by way of inheritance or legacy to terminate all financial interest in such professional corporations forthwith. Elick's argument is that section 14 leaves no time frame for administration of the decedent's estates before the non-lawyers must seek immediate redemption of their shares of stock in the P.C. Inherent in that argument is that upon the death of a sole shareholder of a P.C., the title, possession and control of all shares vest immediately in the legatees of the deceased. *See* TEX.PROB.CODE ANN. art. 37 (Vernon Supp.1993). Elick argues that under section 14 of article 1528e, a person who is not a licensed Texas attorney but who takes all shares in a P.C., either by intestate succession or by will, may act as an officer, etc., for the purposes of winding up the P.C.'s affairs or selling its shares. Elick is quick to say, however, that the facts of this case are different, that is under these facts, only one of the twelve legatees is a licensed attorney, therefore she, the licensed attorney, is entitled to retain her shares (150) in the P.C., but the others must forthwith dispose of their shares. She claims that a redemption of the non-attorneys' shares has already been accomplished by her deposit, as a de jure president of the P.C. acting on the directors' resolutions, to redeem those shares by her deposit into the registry of the trial court of the reasonable market value of eight hundred and fifty shares taken by the other non-lawyer legatees of Thompson's and Linda's estates pursuant to section 13 of article 1528e.

### VI.

#### LAW DISCUSSION

This case turns on the meaning of section 14 of article 1528e, which reads as follows:

Sec. 14. If any shareholder, officer or director of a professional corporation, or any agent or employee thereof who has been rendering professional service for

or with it of the same type which such professional corporation was organized to render, becomes legally disqualified to render such professional service, he shall sever all employment with such professional corporation and shall terminate all financial interest therein forthwith; and such corporation shall thereupon purchase or cause to be purchased from him all share owned by him in such professional corporation, at such price and upon such terms as may be provided in the Articles of Incorporation, the bylaws or any applicable stock purchase or redemption agreement; provided, however, that if he was the sole shareholder of the professional corporation, he may continue to act as officer, director and shareholder for the purposes of winding up the affairs of the corporation and effecting its dissolution, selling the assets of the corporation, or selling the outstanding shares of the corporation, but not for rendering any professional service. Likewise, if any person who is not licensed or duly authorized to render the professional service which a professional corporation was organized to render should succeed to the interest shall terminate all financial interest in such professional corporation forthwith; and such corporation shall thereupon purchase or cause to be purchased from such person all shares owned by such person in such professional corporation, at such price and upon such terms as may be provided in the Articles of Incorporation, the bylaws or any applicable stock purchase or redemption agreement; provided, however, that if such person has succeeded to all of the shares of the professional corporation, such person may act as officer, director and shareholder for the purposes of winding up the affairs of the corporation and effecting its dissolution, selling the assets of the corporation, or selling the outstanding shares of the corporation, but not for rendering any professional service.

By reason of the severance order, we are presented with questions of law only, that is, did the trial court correctly declare the status of the parties in respect to the shares of stock in the P.C.? More specifically: (1) Do the personal representatives have the exclusive right to possession and control of the stock for the purposes of administering the two estates? (2) Are the representatives of both estates authorized by the Probate Code, the Business Corporation Act or the provisions of Article 1528e to vote the one thousand shares, to elect new officers, a board of directors, and thereafter proceed to either sell the assets to licensed attorneys or to dissolve the P.C. pursuant to the provisions of Article 1528e, thereby winding up its affairs by selling its assets, and paying proportionately the debts and taxes of each estate, and then make distribution of the remaining assets to those entitled thereto under the wills of Thompson and Linda as directed by the Probate Code? As we have already concluded, but one final summary judgment is before us for review. In this appeal, appellant does not contend that judgment to be erroneous because of the existence of any material fact issue. To the contrary, she admits that the record plainly shows that all operative facts necessary for a determination of her contentions that the court incorrectly determined the pure law questions were before the court. Hence, we must determine whether the trial court correctly decided the legal issues presented according to the language of the applicable written law enacted by the Texas Legislature; obviously, the two bodies of law primarily involved in this dispute are the Texas Probate Code and Article 1528e.

In *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985), reaffirmed by the court in *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex. 1990), the Texas Supreme Court wrote, "[u]nless a statute is ambiguous, we must follow the clear language of the statute." The Court, to illustrate, then quoted from *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 (1920), as follows:

Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect

to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. **They are responsible for a true and fair interpretation of the written law.** It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain. (Emphasis added)

It is equally well settled, that where gaps or omissions in legislation exists, then the courts must construe its provisions to ascertain the meaning and intent of the legislature. *Cf. Cail v. Service Motors*, 660 S.W.2d 814, 815 (Tex.1983).

▮ Said another way, it is well settled that where an ambiguity, defect or omission exists in a statute, the courts have a duty to construe such statute, and in so doing the court must determine the legislative purpose in enacting the statute and the intent of the legislature by its enactment, based on a review of the entire statute, which interpretation is not necessarily limited to the "literal meaning of the words used in the statute." *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273 (1951). *See also State v. Shoppers World, Inc.*, 380 S.W.2d 107, 111 (Tex. 1964), wherein the Court remarked that in the event the "legislative intent is illusive and unclear; ... the courts must resort to rules of construction to give meaning to legislative enactments."

The last proviso of section 14 of Art. 1528e reads:

> [P]rovided, however, that if such person[4] has succeeded to all of the shares of the professional corporation, such person may act as officer, director, and shareholder for the purposes of winding up the affairs of the corporation and effecting its dissolution, selling the assets of the corporation, or selling the outstanding shares of the corporation, but not for rendering any professional service.

▮ We are of the opinion that the quoted proviso, when read with the other language of Article 1528e, must be read to mean that in circumstances where the sole shareholder dies and all of the shares of the P.C. are vested in several persons instead of one, all of such persons, consistent with the court orders in a dependant administration, and upon agreement of the legatees and the decedent's personal representatives in an independent administration, may act as officers, directors and shareholders, for the clear statutory purposes of winding up the affairs of the P.C. by dissolving the P.C., selling its assets, but clearly may not, in the capacity as an officer or director or shareholder, render any professional legal services on behalf of the P.C. In other words, when the sole shareholder of a P.C. dies or becomes disqualified to practice law, if that be the professional service of the P.C., then the P.C. must be sold to other lawyers; or dissolved in accordance with section 14. Certainly the legislature did not intend an absurd result, that is, the fact that, when one of a number of persons taking by intestate succession or by the terms of a will is a lawyer, the statute operates to vest the lawyer-legatee with the right of sole ownership of the P.C. and its assets. Indeed, even as Elick admits, it is presumed that the legislature always intends for a statute to bring about a just and reasonable result and that public interest is favored over any private interest.

## VII.

### CONCLUSION

Because we hold that the trial court correctly construed article 1528e in its rulings on the motions for partial summary judgment, we overrule Elick's point of error, and in so doing, we construe the two orders, granting the plaintiffs' motions for "partial summary judgment" in favor of Woods and Cross and Frederick, as constituting one final judgment in trial court Cause No. 7794–A on the docket of the

---

**4.** A person who is not qualified or licensed to practice law.

County Court at Law of Orange County, Texas.

As we have noted, the severance order converted the interlocutory orders sustaining Woods and Cross' and Frederick's motions for "partial summary judgment" into one final and appealable summary judgment in favor of the movants Woods and Cross, as personal representatives of Thompson's estate, and Frederick, as personal representative of Linda's estate, therefore, in light of *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958); *Bowman v. Lumberton Indep. School Dist.*, 801 S.W.2d 883 (Tex.1990) and *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988), we reform the judgment below to read as follows:

On the 9th day of March, 1992, came on to be heard upon submission the motions for partial summary judgment filed herein by Janis Lynn Thompson Woods and Nathan Cross, Dependent Co–Administrators of the Estate of Marlin Neal Thompson, Jr., Deceased and by Wallace Wayne Frederick, individually and as Independent Administrator of the Estate of Linda Jane Frederick Thompson, Deceased, John Roy Frederick, Patsy F. Hardesty, Pamela L. Williams, Larry Frederick, Lori Pickering, Lisa Frederick, Lance Frederick and Madeline Frederick, and the motion for partial summary judgment filed herein by Taunia Nell Thompson Elick, and based upon each movant's last amended pleadings in this cause and after considering the motions, the pleadings, and the briefs filed in support of and in opposition thereto, the court finds that the motions for partial summary judgment filed herein by Janis Lynn Thompson Woods and Nathan Cross, the personal representatives of the Estate of Marlin Neal Thompson, Jr., Deceased and by Wallace Wayne Frederick, individually and as the personal representative of the Estate of Linda Jane Frederick Thompson, Deceased and John Roy Frederick, Patsy F. Hardesty, Pamela L. Williams, Larry Frederick, Lori Pickering, Lisa Frederick, Lance Frederick and Madeline Frederick should be granted, and that the motion for partial summary judgment filed herein by Taunia Nell Thompson Elick should be overruled; it is therefore,

ORDERED, ADJUDGED AND DECREED that the motion filed by Taunia Nell Thompson Elick is hereby overruled and that the motions filed by Janis Lynn Thompson Woods and Nathan Cross, the personal representatives of the Estate of Marlin Neal Thompson, Jr., Deceased, and by Wallace Wayne Frederick, individually and as the personal representative of the Estate of Linda Jane Frederick Thompson, Deceased, and John Roy Frederick, Patsy F. Hardesty, Pamela L. Williams, Larry Frederick, Lori Pickering, Lisa Frederick, Lance Frederick and Madeline Frederick are hereby granted as follows:

1. That sixty (60) percent of the stock of Stephenson & Thompson, P.C. is an asset of the Estate of Marlin Neal Thompson, Jr., and forty (40) percent of the stock of Stephenson & Thompson, P.C. is an asset of the Estate of Linda Jane Frederick Thompson, to be administered by the personal representative of the respective estates in accordance with the Texas Probate Code;

2. That Wallace Wayne Frederick, as Independent Administrator of the Estate of Linda Jane Frederick Thompson, and Janis Lynn Thompson Woods and Nathan Cross, Dependant Co–Administrators of the Estate of Marlin Neal Thompson, Jr., have sole and exclusive right of possession and control of the stock of Stephenson & Thompson, P.C.;

3. That Wallace Wayne Frederick, as Independent Administrator of the Estate of Linda Jane Frederick Thompson, and Janis Lynn Thompson Woods and Nathan Cross, Dependant Co–Administrators of the Estate of Marlin Neal Thompson, Jr., having succeeded to all of the shares in Stephenson & Thompson, P.C., may act as officers, directors and shareholders for the purposes of winding up the affairs of said corporation and effecting its dissolution, selling the assets of the corporation, or selling the outstanding shares of the corporation, but not for rendering any professional services;

4. That Taunia Nell Thompson Elick is not and has never been a shareholder of Stephenson & Thompson, P.C. and has no right to require the personal representatives of the estates of Marlin Neal Thompson, Jr. and Linda Jane Frederick Thompson, or either of them, to sell the stock of Stephenson & Thompson, P.C. to her, to the said corporation, or to any other person;

5. That, pursuant to the Texas Probate Code, section 245, Taunia Nell Thompson Elick having been removed for cause as an Independent Co–Executor of the Estate of Marlin Neal Thompson, Jr., is liable to the said estate for cost of removal and for reasonable attorney's fees incurred in removing her. It is further,

ORDERED that the judgment as above reformed is affirmed.

AFFIRMED.