**Oscar Burton HOLMQUIST, Jr., et ux., Appellants,**

v.

**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA et al., Appellees.**

**No. 1281.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 28, 1976.

Rehearing Denied May 19, 1976.

Conway L. Wallace, Houston, for appellants.

Donald H. Fidler, James W. Cox, Sheryl B. Johnson, Baker & Botts, Houston, for appellees.

CURTISS BROWN, Chief Justice.

This is a suit to collect the proceeds of a life insurance policy.

Oscar Burton Holmquist, Jr. and his wife, Beulah Dee Holmquist ("the parents" or

appellants) brought suit against Occidental Life Insurance Company of California (Occidental) to recover the proceeds of a policy insuring the life of their son Ralph Burton Holmquist. Occidental filed an interpleader naming as defendants the parents, the insured's brother Nelson Holmquist, and the insured's daughter, Cynthia Lynn Holmquist Cole ("the daughter"), by and through her guardian, and tendered into court the proceeds of the policy, $10,000.00, plus interest in the amount of $110.00. An interlocutory order was signed dismissing Occidental from the suit. Both the parents and the daughter filed motions for summary judgment. The trial court granted the daughter's motion and denied that of the parents. The parents have perfected this appeal.

The insured died March 23, 1974 from injuries sustained in an industrial accident. Through his employer the insured maintained, at the time of his death, a $5,000 group policy with a provision for double indemnity in the event of accidental death. No beneficiary was designated by the insured. The terms of the policy provided that where no beneficiary was designated the benefits would be paid

"to the surviving person or persons in the first of the following classes of successive preference beneficiaries of which a member survives the individual:

The individual's (a) spouse; (b) children, including legally adopted children; (c) parents; (d) brothers and sisters; (e) executor or administrator."

The insured was single at the time of his death, having been divorced from his only wife. Cynthia Lynn Holmquist Cole, the only child born of the marriage, had been adopted by her mother's second husband prior to the death of the insured.

Appellants' first point of error asserts that the trial court erred in awarding the proceeds of the policy to the daughter. The question is whether a child who has been legally adopted by another falls within the preference beneficiary class of "(b) children, including legally adopted children. . . . " If so, the daughter is entitled to the proceeds; if not, the parents are.

■ A life insurance policy is a contract. Such meaning should be given to the contract as will effectuate to the fullest extent the intention of the parties.

■ At the time this insurance contract was entered into in 1973, the law regarding the effect of an adoption on the status of the adopted child was contained in Tex.Rev. Civ.Stat.Ann. art. 46a, § 9 (1969).[1] Article

1. Section 9, found in Tex.Laws 1951, ch. 249, § 3, at 390–91, provided:

"Section 9. *When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock.* Said child shall be entitled to proper education, support, maintenance, nurture and care from said parent or parents by adoption, and said parent or parents by adoption shall be entitled to the services, wages, control, custody and company of said adopted child, all as if said child were their own natural child. For purposes of inheritance under the laws of descent and distribution *such adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural* legitimate child of such parent or parents by adoption, and such parent or parents by adoption and their kin inheriting from and through such adopted child the same as if such child were the natural legitimate child of such parent or parents by adoption. The natural parent or parents of such child and their kin shall not inherit from or through said child, but said child shall inherit from and through its natural parent or parents. Nothing herein shall prevent any one from disposing of his property by will according to law. Such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class. The legal adoption of a child according to the laws of another State of the United States, residing in the State of Texas, shall be, in all respects, valid and binding as if the adoption had occurred in the State of Texas, insofar as the effects of the adoption and the right of inheritance may be

46a contemplated a total and final severance of legal relations between parent and child after adoption. *Rodgers v. Williamson,* 489 S.W.2d 558 (Tex.Sup.1973); *Patton v. Shamburger,* 431 S.W.2d 506 (Tex.Sup. 1968). Section 9 has been construed to deny visitation rights to natural grandparents. *Smith v. Painter,* 412 S.W.2d 28 (Tex. Sup.1967) (per curiam); *DeWeese v. Crawford,* 520 S.W.2d 522 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ ref'd n. r. e.). It has been held that after an adoption the adopted child is no longer the "minor child" of the natural father under the workmen's compensation statute. *Patton v. Shamburger, supra; Zanella v. Superior Insurance Co.,* 443 S.W.2d 95 (Tex.Civ.App.-Eastland 1969, writ ref'd). Based on the above interpretations and the language of the statute itself, we believe the correct rule is that the terms "child" and "children" do not include a child adopted by another unless the context or express language of the instrument indicates otherwise. It was therefore error for the trial court to grant summary judgment for the daughter.

Appellants' second point of error asserts that the trial court erred in dismissing Occidental from the suit before a final judgment was entered. Appellant contends that because the interpleader was not filed within thirty days after demand was made Occidental is liable under Tex.Ins.Code Ann. art. 3.62 (1963)[2] for a statutory penalty of 12% and attorney's fees.

By a letter dated July 25, 1975, the parents demanded payment "either through the Administrator of the Decedent's Estate or by virtue of the right vested by Contract in the surviving Mother and Father.

. . . ." On August 28 the parents filed suit, seeking the principal amount, accrued interest, the statutory penalty, and attorney's fees. By a letter dated August 29, Occidental advised the parents that it would treat the matter as "a rival claimant situation." The letter further stated that if no compromise settlement could be reached Occidental would pay the proceeds into court. On September 19 Occidental filed its Original Answer, which consisted of a general denial. On October 24, ninety-one days after the parents' demand letter was sent, Occidental filed an interpleader and tendered the proceeds of the policy into the registry of the court. The trial court entered an order dismissing Occidental from the suit without allowing the statutory penalty or attorney's fees against it.

■ It has generally been held that where an insurer has reasonable grounds for anticipating rival claims, declines in good faith to pay a beneficiary, and, admitting liability, deposits the money into court to be paid to the rightful person as determined by the court, then a failure to pay the money into court within thirty days after demand may not render the insurer liable for the statutory penalty and attorney's fees. *Great American Reserve Ins. Co. v. Sanders,* 525 S.W.2d 956 (Tex.Sup. 1975) (37 days); *Gabler v. Minnesota Mutual Life Insurance Co.,* 498 S.W.2d 413 (Tex. Civ.App.-Texarkana 1973, no writ) (16 months); *Givens v. Girard Life Insurance Co. of America,* 480 S.W.2d 421 (Tex.Civ. App.-Dallas 1972, writ ref'd n. r. e.) (71 days); *Murray v. Bankers Life Co.,* 299 S.W.2d 730 (Tex.Civ.App.-Fort Worth 1957, writ ref'd) (79 days); *Franklin Life Ins. Co.*

concerned as provided in this Act." (Emphasis added.)

The relevant provisions of § 9 were carried forward with little, if any, substantive change in Tex.Family Code Ann. §§ 15.07, 16.09 (1974).

2. Art. 3.62. Delay in Payment of Losses; Penalty For

In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy.

*v. Greer,* 219 S.W.2d 137 (Tex.Civ.App.-Texarkana), *rev'd on other grounds,* 148 Tex. 166, 221 S.W.2d 857 (1949) (relevant holding specifically approved) (1 year). We hold that the present case is not one which would warrant the imposition of the statutory penalty and attorney's fees against the insurer; therefore, the trial court was correct in dismissing Occidental from the suit. See *Hartman v. Crain,* 398 S.W.2d 387 (Tex.Civ.App.-Houston 1966, no writ); *Davis v. Supreme Lodge K. P. Ins. Department,* 31 S.W.2d 359 (Tex.Civ.App.-Galveston 1930, writ ref'd).

■ Appellants' third point of error asserts that the trial court erred in awarding $400.00 in attorney's fees to Occidental. Since interpleader was properly available to Occidental, the award of attorney's fees was proper. *Great American Reserve Ins. Co. v. Sanders, supra; Givens v. Girard Life Ins. Co. of America, supra.*

■ Based on the summary judgment evidence before us, there would appear to be no genuine issue of material fact. In the situation where both parties file motions for summary judgment in the trial court and one is granted and the other denied, an appellate court is authorized, upon a reversal of the trial court's judgment, to render such judgment as the trial court should have rendered on all questions presented. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958). However, in so doing the court may act on a denied motion for summary judgment only if the failure of the trial court to grant the motion has been properly preserved on appeal. *Gulf, Colorado & Santa Fe Ry. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958). See also *Ackermann v. Vordenbaum,* 403 S.W.2d 362 (Tex.Sup.1966).

■ In the instant case the appellants' only point of error relevant to this matter states: "The Court erred in awarding the proceeds of the insurance policy to the minor child." This point is sufficient to preserve the error in granting the daughter's motion for summary judgment, but does not preserve the error of the trial court in failing to grant appellants' motion. There-

fore, we cannot render judgment, but must remand the case to the trial court. See *Farah Mfg. Co. v. Continental Airlines, Inc.,* 524 S.W.2d 815 (Tex.Civ.App.-El Paso 1975, writ ref'd n. r. e.); *Henderson v. Nitschke,* 470 S.W.2d 410 (Tex.Civ.App.-Eastland 1971, writ ref'd n. r. e.).

The judgment of the trial court granting summary judgment to appellee Cynthia Lynn Holmquist Cole is reversed, and the cause is remanded. The judgment of the trial court dismissing Occidental Life Insurance Company of California from the case and awarding to it the sum of $400.00 as attorney's fees is severed and affirmed.

Reversed and remanded in part, and affirmed in part.