### In re COMMAND ENERGY CORPORATION, Debtor.

### COMMAND ENERGY CORPORATION, Plaintiff,

### v.

### MUTUAL BENEFIT LIFE INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant.

**Bankruptcy No. 482–00388.
Adv. No. 482–0214.**

United States Bankruptcy Court, N.D. Texas, Fort Worth Division.

Aug. 30, 1983.

---

St. Clair Newbern, III, Fort Worth, Tex., for plaintiff.

Peter J. Harry, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

Command Energy Corporation seeks recovery of the 12% penalty provided by Article 3.62 of the Texas Insurance Code against the Mutual Benefit Life Insurance Company of Newark, New Jersey. Both parties have filed motions for summary judgment. Command's motion will be denied, and the motion of Mutual will be granted.

It is undisputed that Command is the named beneficiary under policy number 6–832–357 insuring the life of Frederick C. Mergner; that this policy was issued by Mutual Benefit; and that Mergner died on April 30, 1982. Mutual Benefit's motion for summary judgment is supported by the uncontroverted affidavit of Dorothy Jensen which reflects that she was the duly authorized agent of Mutual Benefit; that on June 14, 1982 the New Jersey office of Mutual Benefit received a letter dated June 9, 1982, from St. Clair Newbern, III, as attorney for Command, demanding payment of the face amount of the policy; that

no claim or death certificate was submitted with the letter; that on July 2, 1982 the same office received a letter from Joyce Mergner authorizing Robert Desmond and Joe R. Reid to deal with the insurance policy on the life of Frederick C. Mergner; that in this letter Mergner claimed to be the policy's beneficiary; that Mergner's letter contained proof of death in the form of a certified copy of a death certificate and a newspaper clipping regarding the insured's death; and that prior to Newbern's letter of June 9, 1982, Mutual Benefit had received no claim, demand or request for payment from the attorneys or agents of Command.

The uncontroverted affidavit of St. Clair Newbern, III, in support of Command's motion, reflects that he was the attorney for the Command; that on June 9, 1982, Newbern, in such capacity, wrote Mutual Benefit a letter demanding payment to Command of the $500,000.00 due under the policy; that on June 16, 1982, Newbern filed this suit on the policy against Mutual Benefit; and that between June 16 and July 12, 1982, Newbern was not contacted by Mutual Benefit regarding the disposition of Command's claim. The record further reflects that on July 20, 1982, twenty days after receiving the proof of the insured's death from Joyce Mergner, Mutual Benefit filed its answer to Command's pleadings indicating its willingness to pay the policy proceeds to the rightful beneficiary. On August 13, 1982 the proceeds were deposited into the registry of the court pending a resolution of the dispute as to the rightful beneficiary, and were released to Command on September 1, 1982, after Joyce Mergner renounced her claim.

Command Energy argues that it is entitled to damages for Mutual Benefit's failure to pay the policy proceeds within 30 days of receiving Newbern's demand letter. I do not agree. The Texas Insurance Code provides that in all cases where a loss occurs and the life insurance company liable therefor fails to pay the claim within 30 days after demand for payment has been made, such company shall be liable to the holder

of the policy for a 12% penalty plus attorneys' fees, in addition to the face amount of the policy. Tex.Ins.Code Ann. art. 3.62 (Vernon 1981). The uncontroverted affidavit of Mutual Benefit's agent, Dorothy Jensen, reveals that within less than thirty days of Newbern's demand conflicting claims to the proceeds had been communicated to Mutual. At that point Mutual's interpleader was the proper action and Article 3.62 does not require the company to deposit the funds pursuant to its interpleader within 30 days of the demand. *Great American Reserve Ins. Co. v. Sanders,* 525 S.W.2d 956 (Tex.1975). In light of the fact that Mutual promptly made known its desire to pay the proceeds to the policy's proper beneficiary twenty days after Joyce Mergner's proof of claim, on July 22, 1982, and tendered to the court the entire $500,-000.00 proceeds on August 13, 1982, I hold that the imposition of the 12% penalty under Article 3.62 is improper. *Great American, supra* at 958 (interpleading funds 37 days after demand does not incure Article 3.62 penalty if insurer withholds funds in good faith anticipation of rival claims, promptly admits its liability, and it desire to pay the rightful claimant). *Holmquist v. Occidental Life Ins. Co. of California,* 536 S.W.2d 434, 437 (Tex.Civ.App.—Houston (14th Dist.) 1976, writ ref'd, n.r.e.) (91 days); *Gabler v. Minnesota Mutual Life Ins. Co.,* 498 S.W.2d 413, 418 (Tex.Civ.App.—Texarkana 1973, no writ) (16 months); *Givens v. Girard Life Ins. Co. of America,* 480 S.W.2d 421, 427 (Tex.Civ.App.—Dallas, 1972, writ ref'd n.r.e.) (71 days).

Command Energy's motion for summary judgment is denied and the motion of Mutual Benefit is granted.