# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00704-CV

**2004 Dodge Ram 1500 TX LP #CPL1988 and 2000 Buick TX LP #CV1N817, Appellants**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT NO. CV 36,279, HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a forfeiture proceeding brought under Chapter 59 of the Texas Code of Criminal Procedure in which the trial court ordered the forfeiture of two vehicles seized from the home of appellant LaToya Alcorn. The parties filed cross motions for summary judgment, and the trial court granted the State's motion. LaToya[1] contends that the trial court erred by granting summary judgment in favor of the State because the evidence raises a fact issue as to whether the State failed to provide her with service of process within the statute of limitations. We will reverse and remand.

_____

[1] For clarity, we refer to appellant as "LaToya" and her husband, Sedderick Alcorn, as "Sedderick."

# BACKGROUND

## I.    The State seized vehicles from LaToya's residence

The summary-judgment evidence reflects that, on March 6, 2014, officers arrived at LaToya's home and presented her with a warrant to search and seize a Dodge truck and a Buick sedan located at her residence. The seizing officer's affidavit in support of the warrant stated that the vehicles were subject to forfeiture because Sedderick Alcorn, LaToya's husband, had been observed using them to sell illegal narcotics. The affidavit stated that records from the Texas Department of Motor Vehicles indicated that the truck and sedan were registered to James Rackley and Gill Shamsher respectively, but that the officer had confirmed that neither claimed an interest in the vehicles. The officer believed that Sedderick had purchased the vehicles to sell narcotics and thus had intentionally failed to transfer title of ownership. Sedderick was incarcerated at the time of seizure. The officers allowed LaToya to remove various personal items from the vehicles, and she signed an inventory form listing those items.

## II.    Forfeiture proceedings

The State filed a notice of seizure and intended forfeiture on March 18, 2014, contending that the vehicles were contraband subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure. The State named Sedderick, Rackley, and Shamsher as persons who may own or hold an interest in the vehicles and timely served those parties. LaToya was not mentioned in the pleading or made a party to the proceeding at that time.

Sedderick filed an answer on April 7, 2014.[2]  Although LaToya had not been served, she filed an answer and general denial on May 28, 2014.  The State did not serve her with notice of the suit but sent her discovery.  She responded on July 7, 2014, and indicated that she claimed an interest in the vehicles.

The State filed a motion for summary judgment against LaToya and Sedderick on July 10, 2014.  On July 23, 2014, LaToya amended her answer to add three affirmative defenses: statute of limitations, innocent owner, and disproportional forfeiture.  She also filed a pleading containing a response to the State's motion for summary judgment and her own motion for summary judgment.  The State did not file a response.  On August 5, 2014, the State amended its notice of seizure and intended forfeiture to add LaToya as a party and served her with process—152 days after the vehicles had been seized.

After a hearing on both motions, the trial court granted the State's motion for summary judgment and ordered the vehicles forfeited to the State of Texas.[3]  In six issues, LaToya appeals the summary judgment granted in favor of the State.

---

[2]  Neither Rackley nor Shamsher filed an answer, and the trial court entered a Stipulated Forfeiture and Judgment against Rackley and default judgment against Shamsher.

[3]  The order granting the State's motion for summary judgment constitutes an implicit denial of LaToya's motion for summary judgment. *See General Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("When parties present cross-motions that are opposed and mutually exclusive, an order that grants one motion may implicitly deny the other.").

## STANDARD OF REVIEW

We review a trial court's summary-judgment rulings de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the non-movant and indulge every reasonable inference in the non-movant's favor. *Id.* The party moving for summary judgment must demonstrate that no material fact issue exists and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). The party must establish each element of its claim as a matter of law or negate an element of the respondent's claim or defense as a matter of law. *See M.D. Anderson*, 28 S.W.3d at 23; *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999). If the party opposing a summary judgment relies on an affirmative defense, she must present summary-judgment evidence sufficient to raise a fact issue on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

When both parties file motions for summary judgment and one is granted and the other is denied, the appellate court may determine all questions presented, including the propriety of the order denying the losing party's motion, and render the judgment the trial court should have rendered. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). But a party seeking to appeal the denial of the party's own motion for summary judgment must raise the trial court's failure to grant the party's motion as a point of error on appeal *Cotten v. Deasey*, 766 S.W.2d 874, 879 (Tex. App.—Dallas 1989, writ denied); *Buckner Glass & Mirror Inc. v. T.A. Pritchard Co.,* 697 S.W.2d 712, 714–15 (Tex. App.—Corpus Christi 1985, no writ); *Holmquist v. Occidental Life Ins. Co.*, 536 S.W.2d 434, 438 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

4

**DISCUSSION**

In her first issue, LaToya claims that the trial court erred by granting the State's motion for summary judgment because she conclusively proved, or raised a fact issue on, every element of her limitations defense.

## I.     Applicable law

### A.     Property found to be contraband is subject to forfeiture

The State's right to bring a forfeiture action is governed by Chapter 59 of the Texas Code of Criminal Procedure. *State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004); *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 743–44 (Tex. App.—Texarkana 2008, no pet.). Property is subject to seizure and forfeiture if it is found to be contraband. Tex. Code Crim. Proc. art. 59.02(a). Contraband is property used or intended to be used in the commission of certain felonies, or proceeds derived from those felonies. *Id.* art. 59.01(2)(a)–(d); *Silver Chevrolet*, 140 S.W.3d at 692. Rules of strict construction against forfeiture must be applied. *$24,156.00*, 247 S.W.3d at 747; *State v. Lot 10, Pine Haven Estates*, 900 S.W.2d 400, 402 (Tex. App.—Texarkana 1995, no writ).

### B.     The State must commence a forfeiture action within 30 days of seizure

Rules governing pleadings and service of process in civil cases govern forfeiture proceedings. *See* Tex. Code Crim. Proc. arts. 59.04(b), (i), 59.05; *$24,156.00*, 247 S.W.3d at 743–44. The statute provides, in relevant part, as follows:

(a) If a peace officer seizes property under this chapter, the attorney representing the state shall commence proceedings under this section not later than the 30th day after the date of the seizure.

(b) A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made. . . . Except as provided by Subsection (c) of this article, the attorney representing the state shall cause certified copies of the notice to be served on the following persons in the same manner as provided for the service of process by citation in civil cases:

> (1) the owner of the property; and

> (2) any interest holder in the property.

(c) If the property is a motor vehicle, and if there is reasonable cause to believe that the vehicle has been registered under the laws of this state, the attorney representing the state shall ask the Texas Department of Motor Vehicles to identify from its records the record owner of the vehicle and any interest holder. . . . *If the person in possession of the vehicle at the time of the seizure is not the owner or the interest holder of the vehicle, notification shall be provided to the possessor in the same manner specified for notification to an owner or interest holder.*

Tex. Code Crim. Proc. art. 59.04(a)–(c) (emphasis added). Accordingly, the State must commence its action no later than 30 days after it has seized property. *Id.* art. 59.04(a); *Pine Haven*, 900 S.W.2d at 402. To commence an action, the State must file a notice of seizure and intended forfeiture and provide service of process by citation to all necessary parties. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *$24,156.00*, 247 S.W.3d at 747. When the property seized is a motor vehicle, the State must serve (1) the owner of the property, (2) any interest holder in the property, and (3) the person who was in possession of the vehicle at the time it was seized. Tex. Code Crim. Proc. art. 59.04(b)–(c).

6

## II.     Application

In this case, it is undisputed that the State served LaToya after limitations had run as a potential interest holder in the vehicles. The pivotal issue is whether the State was required to serve her as the person in possession of the property at the time of seizure.

### A.     The parties' arguments

In its motion for summary judgment, the State argued that it had established that the vehicles were contraband and were thus subject to forfeiture as a matter of law. *Id.* arts. 59.01, 59.02. It further contended that LaToya could not prove an innocent-owner defense because she had not demonstrated an interest in the vehicles. *See id.* art. 59.02(c)(1).

In her combined response and motion for summary judgment, LaToya argued that the suit was barred by limitations because the State had not timely served her. She claimed that she was entitled to service as a possessor of the vehicles at the time of seizure and produced evidence in support of her claim. She produced evidence that included, in relevant part, the search warrant and supporting affidavit; the seizing officer's affidavit; the search inventory prepared by the seizing officers; LaToya's own affidavit; and government-issued documentation reflecting Sedderick's dates of incarceration. The State neither filed a response nor produced evidence on the issue of possession. The trial court granted the State's motion, but the trial court's order did not mention the issue of possession.

On appeal, the State points to evidence that it had timely served all parties it reasonably believed owned or had an interest in the vehicles, including Sedderick and those listed on the certificates of title. It also argues that it was reasonably diligent in serving LaToya once it

7

discovered that she claimed an interest in the vehicles.[4] However, the State does not point to any evidence showing that LaToya was not in possession of the property at the time of seizure. It contends only that the evidence LaToya produced did not raise a fact issue as to whether she was in possession. We disagree.

**B.** **The record raises a fact issue as to whether LaToya was in possession of the vehicles at the time of seizure and that the State failed to timely serve her**

The forfeiture statute does not define "possession," so we give the term its common meaning. *See* Tex. Gov't Code § 311.011(a); *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex. 2008). "Possession" is defined, in relevant part, as "the act or condition of having in or taking into one's control or holding at one's disposal," *Webster's Third New Int'l Dictionary* 1770 (2002), "[t]he fact of having or holding property in one's power; the exercise of dominion over property," *Black's Law Dictionary* 1281 (9th ed. 2009), or "[t]he right under which one may exercise control over something to the exclusion of all others; the continuing exercise of a claim to the exclusive use of a material object." *Id.*

The record raises a fact issue as to whether LaToya was in possession of the vehicles within the common meaning of that term. Specifically, the warrant affidavit indicated that the

---

[4] When a party establishes that the State served the party after limitations has run, the State must show that it used due diligence in effecting service. *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 747 (Tex. App.—Texarkana 2008, no pet.). Here, the State argued that it was diligent in serving LaToya as a potential interest holder because LaToya was not named on the title, and the State served her after it discovered that she claimed an interest in the vehicles. By contrast, the State does not claim diligence in serving her as the person in possession of the vehicles at the time of seizure; it instead argues that she did not possess the vehicles at that time and thus was not entitled to service as a possessor. Analysis of the possession issue, therefore, does not require a diligence inquiry.

vehicles were kept at the address at which LaToya resided. When the officers knocked on the door of the residence, LaToya answered and an officer presented her with the search warrant. Indeed, an officer executing a warrant must present a copy of the warrant to the owner of a property to be searched or "a person who is present [who] is *in possession* of the place." Tex. Code Crim. Proc. art. 18.06(b) (emphasis added). The warrant and affidavit indicated that the "place" to be searched was the vehicles. Given the State's position that it did not believe that LaToya was an owner of the vehicles, the officers must have presented her with the warrant as the person in possession of them at that time. *See id.*

Furthermore, LaToya's affidavit and search inventory indicate that the officers permitted LaToya to remove her personal items from the vehicles, including perfume, a house key, and various papers that LaToya identified in an affidavit as her children's medical records. These items were listed on the inventory prepared by the officers. LaToya signed the inventory as "LaToya Alcorn," the same last name as Sedderick, who the State believed had purchased and used the vehicles and was known by the State to have been incarcerated for weeks at the time of seizure.

The State does not contest the validity of that evidence and instead challenges its sufficiency to demonstrate possession within the meaning of the statute. It contends that the evidence does not show "control and dominion over the vehicle as such to give rise to the inference that she was in actual possession at the time of seizure" and shows only that LaToya "may have been in possession of the vehicles at some point in the past." But possession is not defined so narrowly. Rather, the ordinary definition of that term includes "taking into one's control or holding at one's disposal" and the "continuing exercise of a claim to the exclusive use of" property. *Webster's* at

9

1770; *Black's* at 1281. It is not limited to instances in which a person is in physical control of or physically occupying property.

The State's interpretation would also undermine the purpose of service requirements in forfeiture proceedings, which is to provide notice to interested parties of the pendency of the action so that they may present their objections. *See $24,156.00*, 247 S.W.3d at 744; *see also Fuentes v. Shevin*, 407 U.S. 67, 81 (1972) (notice and hearing requirements "protect [a person's] use and possession of property from arbitrary encroachment—to minimize substantively unfair or mistaken deprivations of property"). That would reasonably include the person with the right to exercise control over a vehicle at the time the State seized it, even if that person was not physically occupying the vehicle at the time of seizure.

The record raises a fact issue as to whether LaToya was in possession of the vehicles when the State seized them and was thus entitled to service within the limitations period. Because the State failed to timely serve her, we sustain LaToya's first issue and hold that the trial court erred in granting summary judgment in favor of the State.[5]

### C. This Court may not reverse and render judgment and may only reverse and remand for further proceedings

In her prayer, LaToya asks this Court to "reverse and render judgment that the statute of limitations bars forfeiture" or "reverse and remand on all issues." However, she has not appealed the trial court's denial of her own motion for summary judgment and challenges only the trial court's

---

[5] Because we reverse the trial court's judgment on this issue, we need not reach LaToya's remaining issues, which all challenge the granting of summary judgment in favor of the State.

granting of the State's motion.[6] A reviewing court may not render judgment in favor of a party that has not appealed the denial of the party's motion for summary judgment. *See*, *e.g.*, *Cotten*, 766 S.W.2d at 879 (declining to render judgment where "the only error assigned by the appellants complains of the granting of the appellee's motion for summary judgment and there is no assignment of error that the trial court erred in failing to grant the appellant's own motion for summary judgment"); *Buckner*, 697 S.W.2d at 714–15 (declining to render judgment because appellant raised only the improper grant of summary judgment and not the denial of appellant's own motion, despite that appellant asked the court to "reverse and render or alternatively reverse and remand" the case); *Holmquist*, 536 S.W.2d at 438 (declining to render judgment, despite finding no fact issues, because issue of denial not raised). We therefore reverse and remand the cause for further proceedings. *Jones*, 745 S.W.2d at 900 (if court finds reversible error in summary judgment, it reverses the judgment and remands the cause to the trial court).

## CONCLUSION

The State failed to demonstrate that it was entitled to summary judgment on its forfeiture action as a matter of law. We therefore reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

---

[6] Her six issues challenge the trial court's granting of the State's motion for summary judgment on various grounds, and her statement of the case frames her appeal as challenging the grant of summary judgment. Nowhere in her brief does she claim to challenge the trial court's denial of her motion for summary judgment.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Reversed and Remanded

Filed:   August 26, 2016

12